# IN THE UNITED STATES DISTRICT COURT FOR
# THE WESTERN DISTRICT OF WASHINGTON (SEATTLE)
# IN ADMIRALTY

| | |
|---|---|
| G.O AMERICA SHIPPING COMPANY, INC., a corporation registered in the Republic of the Marshall Islands,<br><br>Plaintiff(s),<br><br>v.<br><br>CHINA COSCO SHIPPING CORPORATION LIMITED, a company registered in the People Republic of China, CHINA SHIPPING INDUSTRY, (Shanghai Changxing) Co. Ltd., and COSCO SHIPPING HEAVY INDUSTRY CO., subsidiaries of CHINA COSCO SHIPPING CORPORATION LIMITED,<br><br>Defendant(s). | Case No.<br><br>VERIFIED COMPLAINT |

**TO:** The United States District Court Clerk's Office; and
**TO:** China COSCO Shipping Corporation

## I. <u>VERIFIED COMPLAINT</u>

COMES NOW, the Plaintiff, G.O. AMERICA SHIPPING COMPANY INC. (hereinafter referred to as "Plaintiff"), by and through its attorney of record, Edward C. Chung, with the law firm of CHUNG, MALHAS & MANTEL, PLLC, and hereby brings this Verified Complaint for Damages under admiralty law against the Defendants CHINA COSCO SHIPPING CORPORATION LIMITED, CHINA SHIPPING INDUSTRY, (Shanghai Changxing) Co. Ltd. and CHINA COSCO SHIPPING CORPORATION LIMITED and alleges, upon information, as follows:

VERIFIED COMPLAINT -PAGE 1 OF 11



CHUNG, MALHAS & MANTEL, PLLC
1511 Third Avenue, Suite 1088
Seattle, Washington 98101
Phone: (206) 264-8999 ♦ Facsimile: (206) 264-9098

## II. ADMIRALTY CLAIM & PARTIES

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 United States Code § 1333. This claim involves the breach of maritime contract, fraudulent & illegal detained Plaintiff ship. This matter also arises under the Court's federal question jurisdiction within the meaning of 28 United States § 1331.

2. At all times material to this action, Plaintiff and ship owner, G.O. America Shipping Company, Inc., was, and still is, a foreign corporation registered in the Republic of the Marshall Islands and operated by a U.S. Citizen or other business entity organized and existing under the laws of Washington State. *See*, **Exhibit A** attached hereto and incorporated herein by reference. At all times material to this action, Plaintiff was the owner, charterer and/or operator of the cargo vessel named "G.O. AMERICA" - IMO NO. 9160944. *See*, **Exhibit B** attached hereto and incorporated herein by reference

3. Upon information and belief, Defendants (collectively) were, and still are, foreign corporations, or other business entities organized and existing under the laws of the People's Republic of China. Specifically, China Shipping Industry (Shanghai Changxing) Co, Ltd ("Defendant") was previously owned by China Shipping company Co., Ltd. Under the "merge" order from China Government, China Shipping Company Co., Ltd merged with COSCO Shipping Group Co. Ltd and renamed with COSCO shipping Heavy Industry Co., Ltd ("Defendant"), with a subsidiary company for China COSCO shipping Corporation Limited ("Defendant"). *See*, **Exhibit C** attached hereto and incorporated herein by reference.

## III. FACTUAL AVERMENTS

4. Plaintiff is and remains owner of a cargo vessel named, "G.O. AMERICA" (hereinafter the "Vessel"). This Vessel was contracted to embark on a number import and export voyages in the Americas trade routing specifically between USA – CANADA – MEXICO – USA.



CHUNG, MALHAS & MANTEL, PLLC
1511 Third Avenue, Suite 1088
Seattle, Washington 98101
Phone: (206) 264-8999   ♦   Facsimile (206) 264-9098

5. For safety reasons, the Vessel was in need of repairs prior to its crew departing on its contractual voyage. On or around February 24, 2016, China Shipping Industry, (Shanghai Changxing) Co. Ltd. represented to Plaintiff's that repairs could be performed within seven (7) days. *See*, **Exhibit D** attached hereto and incorporated herein by reference.

6. On or around March 13, 2016, Plaintiff's representative, Andrea Chen, signed China Shipping Industry, (Shanghai Changxing) Co. Ltd.'s contractual agreement based on the representations that the estimated costs for the repairs would be $60,614.95.00 (USD). *See*, **Exhibit E** attached hereto and incorporated herein by reference.

7. Pursuant to the quote and terms of the March 13, 2016 agreement, the cost of the ship repair would be paid by Plaintiff to China Shipping Industry, (Shanghai Changxing) Co. Ltd. in two installments. The first installment amounted to fifty percent (50%) of the total invoice and that would be paid prior to the Vessel leaving the repair dock in Changxing. The second installment payment was to be made sixty (60) days after the departure of the Vessel. *See*, **Exhibit D**.

8. Contrary to the representations made on when the repairs for the Vessel would be completed, Plaintiff, due to the delays caused by Defendants, sustained huge losses in revenue and faced private and administrative claims including FMC (Federal Maritime Commissioner) inactive carrier license for not honoring and delivering signed contract on time. *See*, **Exhibit F** attached hereto and incorporated herein by reference.

9. Due to the serious delay for first three months, the ship's Owner - G.O. America Shipping Company, Inc., to Defendants' shipyard in Shanghai on or around June 22, 2016. At that time, Plaintiff changed the estimated costs for repairs from $60,614.95.00 (USD) and demanded an advance deposit of to $100,000.00 (USD) but promised the ship repairs would be done within 14 days. As Plaintiff was incurring losses and had little choice but to pay, it advanced the $100,000.00 (USD).

Chung, Malhas & Mantel, PLLC
1511 Third Avenue, Suite 1088
Seattle, Washington 98101
Phone: (206) 264-8999 ♦ Facsimile (206) 264-9098

10. Again, contrary to what was represented by Defendants, the ship repairs were still not complete within the fourteen (14) day period.

11. On or around September 30, 2016, Defendants demanded an additional $400,000.00 (USD) prepayment to their Shanghai Bank account even though less than 50% ship deck repairs had been completed. At the same time as the demand for payment on September 30, 2016, Plaintiff also received additional instructions to transfer $400,000.00 (USD) to their Hong Kong account ("Amended Account"). On or around October 30, 2017, Captain Chen flew to the shipyard and was advised by Defendants that the Amended Account was a scam. *See*, **Exhibit G** attached hereto and incorporated herein by reference. Defendants claimed the police department had not accepted this case because this was an international scandal issue. The Defendants claimed it was a criminal scandal.

12. As Plaintiff had already paid $100,000.00 (USD) and payment demands were becoming more and more illusory and significantly departing from the initial estimate, Plaintiff refused to wire the $400,000.00 (USD). That said, Plaintiff was incurring financial losses by the ship remaining immobile. After conveying concern for the delays and the financial loss that Plaintiff was sustaining, Defendants reiterated that it could complete repairs within two weeks if Plaintiff wired an additional $200,000.00 (USD).

13. Plaintiff had doubts concerning the trustworthiness Defendants, but under duress, remitted an additional $200,000.00 (USD). Ten (10) days following the wire, the Vessel's Technical Superintendent reported to Plaintiff that no work had been completed for the shipyard repairs following Captain Chen's departure from Shanghai.

14. Based on the information contained in Paragraph 12 herein, Plaintiff instructed the bank to withdraw the $200,000.00 (USD) remittance and order Superintendent from Crowley management to prepare the Vessel to depart to Korea for further repairs. Defendants however, made the Vessel immobile wherein the Vessel's main engine had been dismantled and many of key parts disappeared and to this day can't be located in any place. Plaintiff immediately realized "Vessel" had been taken hostage by Defendant.



CHUNG, MALHAS & MANTEL, PLLC
1511 Third Avenue, Suite 1088
Seattle, Washington 98101
Phone: (206) 264-8999 ♦ Facsimile (206) 264-9098

15. On or around November 2016, Defendants raised their repair draft summary list from the initial $60,614.95 (USD) to $1,621,844.95 (USD). *See*, **Exhibit H** attached hereto and incorporated herein by reference. Based on Plaintiff's Technical Superintendent all <u>*alleged*</u> work performed on the summary list only amounted to $447,237.65 (USD). *See,* **Exhibit I** attached hereto and incorporated herein by reference. It was clear to Plaintiffs that this was not a contractual dispute at this juncture, but rather robbery.

16. On or around December 20, 2016, the shipyard officially notified Plaintiff that the vessel's deck job was fully completed; a total of 277 days as oppose to the seven (7) days initially represented.

17. In an effort to try to release the ship, Plaintiff started negotiations with Defendants by email and telephone. Defendants advised Plaintiff through Plaintiff's shipping agent that because China Shipping Company Co., Ltd was still in the process of merging with COSCO Shipping Group Co., it would require more time to receive authorization to release the Vessel, despite Plaintiffs willingness to pay the $600,000.00 (USD) in order to release the ransomed Vessel.

18. On about January 2017, Plaintiff was contacted by the Shanghai's Audit Unit and inquired whether the ship repair for the Vessel totaled $500,000.00 (USD) and whether Plaintiff have paid anything. Plaintiff advised the Auditor that Plaintiff paid $100,000.00 (USD); however, the Auditor indicated that this was not in the accounting records, nor was the invoice that Plaintiff received from Defendants totaling $1,621,844.95 (USD).

19. Based on the Auditor's report, someone in Defendants' personnel and who had authority to negotiate with Plaintiff, engaged in embezzlement by listing a total of $500,000.00 (USD) in accounts receivable from Plaintiff within the corporate bookkeeping but then demanding from Plaintiff an additional $1,621,844.95 (USD) for repairs.

20. On information and belief, the reasons for the increase in repairs was because Defendants tried to get more "Accounts Receivable" from Plaintiff prior to the merger in order to address a



CHUNG, MALHAS & MANTEL, PLLC
1511 Third Avenue, Suite 1088
Seattle, Washington 98101
Phone: (206) 264-8999 ♦ Facsimile (206) 264-9098

monetary shortfall in the accounting records and/or to use the increased repair charges for personal purpose.

21. To date, Plaintiff's Vessel has been in Defendants' unlawful possession for nearly a year and a half (approximately nearly 500 days). At the time of filing of this Verified Complaint, the Vessel has not been released from the shipyard despite Plaintiff's willingness to pay an amount that exceeds the contractual price. This willingness to pay the increased amount is solely to mitigate the damages and to allow the Vessel to start generating revenue by having it released.

### IV.  PLAINTIFF'S LEGAL CLAIM
### REQUEST FOR ISSUANCE OF ATTACHMENT B ORDER

22. In accordance with admiralty and maritime claim within the meaning of rule 9(h) of the Federal rules of civil procedure and 28 United State Code 1333, Plaintiff herein is filing a Verified Complaint & Summon for damages cause by Defendants amounting to $11,073,420.00 (USD).

23. Defendants engaged in Fraud, Deceit, Breach of Contract and Trespass to Chattel and possibly even Conversion of personal property. As a result of Defendants detaining the Vessel in Breach of the Agreement and or Defendant's wrongful and tortious actions, Plaintiff has incurred and will continue to incur significant damages.

24. Had the Defendant not breached the Agreement, completed the repairs and released the Vessel on time (June 18, 2016), the Vessel would have been redelivered to its serve routing by July 1, 2016. Plaintiff would have earned from service routing at the rate of $773,805.00 (USD) per 14 days' voyage under 70% load, therefore expecting to get a total revenue of $11,073,420.00 (USD) over a 12-month period, if the Vessel had been delivered to Plaintiff on time pursuant to the Agreement. With all the revenue minus all "cost of goods", Plaintiff anticipated a net income of $11,073,420 (USD). *See*, **Exhibit J.** Tariff rate for carrier report to FMC -1 attached hereto and incorporated herein by reference. *See*, **Exhibit K** attached hereto and incorporated herein by reference.



Chung, Malhas & Mantel, PLLC
1511 Third Avenue, Suite 1088
Seattle, Washington 98101
Phone: (206) 264-8999 ♦ Facsimile (206) 264-9098

25. Plaintiff intends to raise a claim against Defendant for lost trade in relation to their permit routing underlying substantive proceedings, as well as contractual interference with a prospective business advantage.

26. As a direct and proximate result of Defendant's breach of the Agreement and/or its tortious and wrongful actions as aforesaid, Plaintiff incurred further costs, which are for the Defendant's account, including but not limited the costs of employing technical superintendents to be with the Vessel during its time in the yard and the cost of the motor diesel oil used while the Vessel remains at the yard.

27. As a result of Defendant's breach of the charter party and/or its tortious and wrongful actions as aforesaid, Plaintiff has suffered damages in the principal amount of $11,073,420.00 (USD), as best as can now be estimated exclusive of interest and court costs.

28. Despite Plaintiff's willingness to pay for ship repairs and the demand for release of the Vessel demand, Defendant has failed to release the Vessel and/or pay for the damages it caused and continues to cause Plaintiff damage.

29. As best as can now be estimated, Plaintiff expects to recover the following amounts as the prevailing party:

| A. | **Plaintiff's principal claim:**<br>Estimate of freight lost from May 18, 2016 (for max 60 days repaired) with each voyage for 15 days<br>(**Manzanillo Mexico - Los Angeles - Vancouver Canada - Portland Oregon - Manzanillo Mexico**) with 70% laden containers for 26 voyage per year, each voyage<br><br>**USD$3,265.00 per 40' containers, (Exhibit FMC report)**<br>USD$3,265 (40') x 237 = USD$773,805<br>USD$773,805 x 70% = USD$541,663.50 x 52 (26 Voyage in/out) =<br>Total freight for USD$28,166,502.00 | $28,166,502.00 (USD) |
|---|---|---|

VERIFIED COMPLAINT -PAGE 7 OF 11

CHUNG, MALHAS & MANTEL, PLLC
1511 Third Avenue, Suite 1088
Seattle, Washington 98101
Phone: (206) 264-8999 ♦ Facsimile (206) 264-9098

| | | | |
|---|---|---|---|
| | | **Estimate of Terminal Charge should be used /or to be lost from May 18, 2016. until May 18, 2017** at $565.00 x 237 x 52 = USD$6,963,060    (minus) | $6,963,060 (USD) |
| | | **Estimate of LSMDO & IFO 180 be used or to be used from date of breach to May 18, 2017:** Minus Bunkering cost IFO 180 USD$325x 94.5 x 26 = USD$798,525 Minus Bunkering cost LSMDO USD$510 x 140 x26= =USD$1,856,400.00 Minus Administration fee +logistic commission + operation commission = 14% should be used = USD$4,313,400 Minus Local Trucking fee 350 x 237 x 52 = USD$4,313,400 | $2,654,925 (USD)  $3,943,310.00 (USD)  $4,313,400.00 (USD) |
| | | Additional costs incurred and/or to be incurred due to Defendant's breach. Estimate of costs of Technical Superintendence for additional 12 months, including costs of hotels incurred and/or to be incurred | $216,000.00 (USD) |
| | | **SUB-TOTAL** | $10,291,807.00 (USD) |
| | B. | **Estimated interest: 1.5 years at approx. 3.5% per annum** | $778,113.00 (USD) |
| | C. | **Estimated recoverable court costs** | $3,500.00 (USD) |
| **Total:** | | | $11,073,420.00 (USD) |

30. As a result of Defendants' contractual breach and tortious conduct, Plaintiff will commence suit against the Defendant on its claims within Shanghai Maritime Arbitration Court, where Chinese law will be applied to the dispute. Plaintiff reserves its right to initiate further proceedings in other jurisdictions, such as USA or London to prosecute its claims.

31. Interest and court costs are routinely awarded to the prevailing party under Chinese Law.

32. The Defendant cannot be found within this District within the meaning of Rule B of the supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, defendants will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court, held in the hands of one or more garnishees which are believed to be due and owing to the Defendant. *See,* Motion and declaration for Attachment B.



CHUNG, MALHAS & MANTEL, PLLC
1511 Third Avenue, Suite 1088
Seattle, Washington 98101
Phone: (206) 264-8999  ♦  Facsimile (206) 264-9098

33. Plaintiff seeks an order from this court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching, *inter alia,* any property of the Defendant held by any garnishee within the District for the purpose of obtaining personal jurisdiction over the Defendant, and to secure the Plaintiffs claims as described above.

## V. **RELIEF REQUESTED**

**WHEREFORE**, Plaintiff prays:

A. That process in due form of law issue against the Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Verified Complaint;

B. That pursuant to 9 U.S.C. §§ 201. *et seq.* and/or the doctrine of comity this Court recognize and confirm any foreign judgment or arbitration award rendered on the claims had herein as a Judgment of this Court;

C. That since the Defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching all tangible or intangible property of the Defendant within the District, including but not limited to any funds held by any garnishee, which are due and owing to the Defendant, up to the amount $11,073,420 (USD) to secure the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

D. That in the alternative, this Court enter judgment against Defendant on the claims set forth herein;

E. That this Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof

F. That this Court Award Plaintiff its attorney's fees and costs of this action; and

G. That the Plaintiff has such other, further and different relief as the Court may deem just and proper.

VERIFIED COMPLAINT - PAGE 9 OF 11

CHUNG, MALHAS & MANTEL, PLLC
1511 Third Avenue, Suite 1088
Seattle, Washington 98101
Phone: (206) 264-8999 ♦ Facsimile (206) 264-9098

*Respectfully Submitted this 13th day of June 2017.*

CHUNG, MALHAS & MANTEL, PLLC:

/s/ Edward C. Chung
Edward C. Chung, WSBA# 34292
Attorney for Plaintiff, Attorney for Plaintiff

VERIFIED COMPLAINT -PAGE 10 OF 11

CHUNG, MALHAS & MANTEL, PLLC
1511 Third Avenue, Suite 1088
Seattle, Washington 98101
Phone: (206) 264-8999 ♦ Facsimile (206) 264-9098

## VERIFICATION BY PLAINTIFF'S AUTHORIZED REPRESENTATIVE

I, Captain H.Y. Chen am an authorized corporate officer of G.O. America Shipping Company, Inc., a company registered in the Republic of the Marshall Islands and the above entitled Plaintiff of this Verified Complaint. I declare that prior to signing this Verified Complaint, I have read it in its entirety and know the contents thereof. With respect to the facts and causes of action alleged herein, I declare that I believe them all to be true and correct to the best of my knowledge, except as to those matters which are stated on information and belief, and, as to those matters, I believe them to be true.

Based on the foregoing, I declare under penalty of perjury under the laws of United States of America that I signed this Verified Complaint on this 13th day of June 2017, within the United States, specifically the State of Washington and believe the above averments and legal caused of actions to be true and correct.

H.Y. Chen
Authorized Corporate Officer of
G.O. Shipping Company, Inc.



CHUNG, MALHAS & MANTEL, PLLC
1511 Third Avenue, Suite 1088
Seattle, Washington 98101
Phone: (206) 264-8999 ♦ Facsimile (206) 264-9098