# IN THE UNITED STATES DISTRICT COURT FOR
# THE WESTERN DISTRICT OF WASHINGTON (SEATTLE)
# IN ADMIRALTY

| | |
|---|---|
| G.O. AMERICA SHIPPING COMPANY, INC., a corporation registered in the Republic of the Marshall Islands,<br><br>Plaintiff(s),<br><br>v.<br><br>CHINA COSCO SHIPPING CORPORATION LIMITED, a company registered in the People Republic of China,<br><br>COSCO SHIPPING LINES CO, Ltd. a subsidiary of CHINA COSCO SHIPPING CORPORATION LIMITED<br><br>CHINA SHIPPING INDUSTRY, (Shanghai Changxing) Co. Ltd., a subsidiary of CHINA COSCO SHIPPING CORPORATION LIMITED<br><br>and<br><br>COSCO SHIPPING HEAVY INDUSTRY CO., subsidiaries of CHINA COSCO SHIPPING CORPORATION LIMITED,<br><br>Defendant(s). | Case No. 2:17-cv-00912-RSM<br><br>ORDER APPOINTING MARINE LENDERS SERVICES, LLC AS SUBSTITUTE CUSTODIAN AND PERMITTING MOVEMENT OF VESSEL, OFFLOADING OF CARGO AND INSPECTION OF DEFENDANT VESSEL |

**TO:** The United States District Court Clerk's Office; and

Plaintiff, G.O America Shipping Company, Inc. has made the following recital by and through its attorney of record Edward C. Chung of CHUNG, MALHAS & MANTEL, PLLC having appeared, now makes the following recitals:

ORDER PROPOSED ORDER APPOINTING MARINE LENDERS SERVICES, LLC AS SUBSTITUTE CUSTODIAN AND PERMITTING MOVEMENT OF VESSEL, OFFLOADING OF CARGO AND INSPECTION OF DEFENDANT VESSEL – PAGE 1 OF 5



CHUNG, MALHAS & MANTEL, PLLC
1511 Third Avenue, Suite 1088
Seattle, Washington 98101
Phone: (206) 264-8999 ♦ Facsimile (206) 264-9098

1. On June 23, 2017, Plaintiff filed its Amended Verified Complaint herein, requesting that the vessels: (1) COSCO TAICANG (IMO No. 9355575); (2) COSCO EUROPE (IMO No. 9345415) ; and (3) COSCO KAOHSIUNG (IMO No. 9355563). Its containers, its engines, machinery, and other appurtenances, etc., be seized pursuant to RULE B.

2. On June 23, 2017, this Court granted Plaintiff's Motion for Rule B Attachment along with Writ of Attachment commanding the United States Marshal for this District to arrest and take the Defendants' vessels into custody and to detain it in custody until further order of this Court.

3. It is contemplated that the United States Marshal will seize the defendant vessel forthwith. Custody by the U.S. Marshal requires the services of one or more keepers at a charge of at least $900.00 per day per keeper, not including charges for moorage and the other services usually associated with safekeeping vessel similar to the defendant vessel.

4. The Defendant vessel is currently moored at 4015 SR-509 North Frontage Road in Tacoma, Washington. After arrest, it may be necessary to move the vessel to the facilities of Marine Lenders Services, LLC at 5350 30th Avenue NW, Seattle, Washington, or to other suitable moorage. It may also be necessary to offload any remaining cargo from the vessel.

5. Plaintiff is agreeable to allowing Marine Lenders Services, LLC to assume the responsibility of safekeeping said vessel and Marine Lenders Services, LLC has consented to act as custodian of the vessel until further order of this Court. Fees and expenses to be charged by Marine Lenders Services, LLC will be substantially less than the cost of leaving the defendant vessel in the custody of the U.S. Marshal.

6. Buck W. Fowler Jr, Managing Member by declaration, has stated that Marine Lenders Services, LLC has no interest in the outcome of this lawsuit, can arrange for adequate facilities and supervision for the proper safekeeping of the vessel, and has obtained the legal liability insurance through Travelers (Policy No. 6F238672 660) with policy limits of not less than $2,000,000 which is expected to be adequate to respond in damages for loss of or injury to the defendant vessel resulting from their legal liability or for damages sustained by third parties due to any acts, faults or negligence of the substitute custodian. Further, in his declaration, Buck W. Fowler Jr, on behalf of Marine Lenders Services, LLC has agreed to accept custody of the vessel and its equipment in accordance with the terms of this Order.

7. In consideration of the U.S. Marshal's consent to the appointment of Marine Lenders Services, LLC as substitute custodian, plaintiff agrees to release the United States and the U.S. Marshal from any and all liability and responsibility arising out of the care and custody of the defendant vessel and its equipment, from the time the U.S. Marshal transfers custody of the vessel over to the substitute custodian, and plaintiff further agrees to indemnify and hold the United States and the U.S. Marshal harmless from any and all claims whatsoever arising out of the substitute custodian's possession and safekeeping of the vessel.

//
//
//

ORDER PROPOSED ORDER APPOINTING MARINE LENDERS SERVICES, LLC AS SUBSTITUTE CUSTODIAN AND PERMITTING MOVEMENT OF VESSEL, OFFLOADING OF CARGO AND INSPECTION OF DEFENDANT VESSEL – PAGE 2 OF 5

CHUNG, MALHAS & MANTEL, PLLC
1511 Third Avenue, Suite 1088
Seattle, Washington 98101
Phone: (206) 264-8999 ♦ Facsimile (206) 264-9098

# ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** as follows:

1. That upon the seizure of the defendant vessels, the (1) COSCO TAICANG (IMO No. 9355575); (2) COSCO EUROPE (IMO No. 9345415) ; and (3) COSCO KAOHSIUNG (IMO No. 9355563)., its engines, tackle and other appurtenances pursuant to the Warrant of Arrest, the U.S. Marshal for the Western District of Washington is authorized and directed to surrender custody of the vessel to Marine Lenders Services, LLC as substitute custodian herein, and that upon such surrender, the Marshal shall be discharged from his/her duties and responsibilities for the safekeeping of the vessel and held harmless from any and all claims arising out of said custodial services.

2. That Marine Lenders Services, LLC, as substitute custodian, shall see to and be responsible for the safekeeping of the defendant vessel. The duties of the substitute custodian shall include, but are not limited to, ensuring that there is adequate, safe moorage for the vessel. The substitute custodian is not required to have a person live on board the vessel, but an officer or authorized agent of the substitute custodian shall go on board the vessel, from time to time to carry out the duties of substitute custodian. No other person shall be allowed to enter on the vessel except as provided for herein or as otherwise expressly authorized by order of this Court.

3. That the defendant vessel may be moved by tug or other safe means from its present moorage to adequate, safe moorage at the facilities of the substitute custodian on the Lake Washington Ship Canal, Seattle, Washington or other suitable location. The substitute custodian shall notify the office of the U.S. Marshal and Plaintiff's counsel that the vessel is to be moved and shall again notify the office of the U.S. Marshal when the vessel has been moved. Once the vessel has been moved to the facilities of the substitute custodian or other suitable moorage, the defendant vessel shall not be moved again without further order of the Court.

4. That Marine Lenders Services, LLC, as substitute custodian, may if necessary offload any cargo aboard the vessel and arrange for storage of the same at a suitable storage facility. The substitute custodian shall notify the office of the U.S. Marshal and Plaintiff's counsel prior to engaging in any such offloading of cargo and again upon the completion of any such offloading.

5. That Marine Lenders Services, LLC, as substitute custodian, may if necessary offload any fuel and arrange for disposal of the same. The substitute custodian shall notify the office of the U.S. marshal and Plaintiff's counsel prior to engaging in any such offloading and again upon the completion of any such offloading.

6. That Marine Lenders Services, LLC, as substitute custodian, may, but is not required to, retain a marine engineer familiar with the vessel and to take him or her on board the vessel with authorized agents of Marine Lenders Services, LLC to assist in the securing of the vessel.

7. That Marine Lenders Services, LLC, as substitute custodian, may, but is not required to, remove those pieces of electronic equipment on board the vessel, if any, which may be easily removed without damage

ORDER PROPOSED ORDER APPOINTING MARINE LENDERS SERVICES, LLC AS SUBSTITUTE CUSTODIAN AND PERMITTING MOVEMENT OF VESSEL, OFFLOADING OF CARGO AND INSPECTION OF DEFENDANT VESSEL – PAGE 3 OF 5

CHUNG, MALHAS & MANTEL, PLLC
1511 Third Avenue, Suite 1088
Seattle, Washington 98101
Phone: (206) 264-8999 ♦ Facsimile (206) 264-9098

to the vessel, and that such removed electronic equipment shall be stored in a safe, secure storage pending further Order of this Court.

8. That Marine Lenders Services, LLC, as substitute custodian, may, but is not required to, retain such services as are necessary to clean the interior and / or exterior of the vessel, remove food products with such services to be performed under the supervision of the substitute custodian.

9. That Plaintiff shall arrange to pay charges for moorage of the vessel and the fees, costs and legal liability insurance premiums of the substitute custodian and shall reimburse the substitute custodian for such other costs as may be incurred in conduction of the inventory of the equipment on board, in securing the vessel, in having the vessel cleaned, in moving the vessel, and / or in offloading any cargo from the vessel.

10. That subject to final approval by the Court, all fees, costs and expenses incurred by Plaintiff or the substitute custodian pursuant to the terms of this Order shall be deemed administrative expenses of the U.S. Marshal.

11. That Plaintiff's attorney, upon seizaure of all vessels, shall send a copy of this Order to the owner of the defendant vessel at the last address known by plaintiff, and to the address shown on the record of the U.S. Coast Guard.

12. IT IS FURTHER ORDERED that the substitute custodian may permit boarding and inspection of the defendant vessel by marine surveyors, representatives of plaintiff, defendant and prospective purchaser's in order to determine the vessel's condition and value at a date and time convenient to the substitute custodian. All cost of such boarding and inspections shall be paid by plaintiff and may, upon further order of this Court, be deemed administrative costs herein. All persons entering on board the vessel shall execute a waiver and release in the form attached hereto.All costs of such boardings and inspections shall be paid by such prospective and third party purchasers directly to Marine Lenders Services, LLC prior to boarding, such expenses shall not be deemed administrative costs in custodial herein. All persons entering on board the vessel shall execute a waiver and release in the form attached hereto. The substitute custodian or its employees shall be in attendance at all times of such boarding.

13. IT IS FURTHER ORDERED THAT all crew members shall remain on board the defendant vessel and continue to operate and maintain all ship systems pending further order of this Court.

It is further requested that the Clerk of this Court deliver three certified copies of

this order to the United States Marshal forthwith.

///

///

///

ORDER PROPOSED ORDER APPOINTING MARINE LENDERS SERVICES, LLC AS SUBSTITUTE CUSTODIAN AND PERMITTING MOVEMENT OF VESSEL, OFFLOADING OF CARGO AND INSPECTION OF DEFENDANT VESSEL – PAGE 4 OF 5

CHUNG, MALHAS & MANTEL, PLLC
1511 Third Avenue, Suite 1088
Seattle, Washington 98101
Phone: (206) 264-8999 ♦ Facsimile (206) 264-9098

DONE IN OPEN COURT this 29th day of June 2017.

_____
RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

Presented by:

CHUNG, MALHAS & MANTEL, PLLC

*/s/ Edward C. Chung*
Edward C. Chung, WSBA# 34292
Attorney for Plaintiff

ORDER PROPOSED ORDER APPOINTING MARINE LENDERS SERVICES, LLC AS SUBSTITUTE CUSTODIAN AND PERMITTING MOVEMENT OF VESSEL, OFFLOADING OF CARGO AND INSPECTION OF DEFENDANT VESSEL – PAGE 5 OF 5



CHUNG, MALHAS & MANTEL, PLLC
1511 Third Avenue, Suite 1088
Seattle, Washington 98101
Phone: (206) 264-8999 ♦ Facsimile (206) 264-9098