The Honorable Ricardo S. Martinez

# UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF WASHINGTON

### AT SEATTLE

| | |
|---|---|
| G.O AMERICA SHIPPING COMPANY, INC., a corporation registered in the Republic of the Marshall Islands,<br><br>                                    Plaintiff,<br><br>        vs.<br><br>CHINA COSCO SHIPPING CORPORATION LIMITED, a company registered in the People Republic of China,<br><br>COSCO SHIPPING LINES CO, Ltd. a subsidiary of CHINA COSCO SHIPPING CORPORATION LIMITED,<br><br>CHINA SHIPPING INDUSTRY, (Shanghai Changxing) Co. Ltd., a subsidiary of CHINA COSCO SHIPPING CORPORATION LIMITED<br><br>and<br><br>COSCO SHIPPING HEAVY INDUSTRY CO., subsidiaries of CHINA COSCO SHIPPING CORPORATION LIMITED,<br><br>                                    Defendants. | IN ADMIRALTY<br><br>Case No. 2:17-cv-00912-RSM<br><br>**EMERGENCY MOTION TO VACATE WRIT OF ATTACHMENT** |

Case No.:  2:17-CV-00912-RSM
EMERGENCY MOTION TO VACATE WRIT OF
ATTACHMENT  - 1
KYL4850-2593-0315.1

KEESAL, YOUNG & LOGAN
1301 FIFTH AVENUE, SUITE 3100
SEATTLE, WASHINGTON  98101
(206) 622-3790

1

2
## I.        EMERGENCY MOTION TO VACATE WRIT OF ATTACHMENT

3      Specially appearing Claimant COSCO Atlantic Shipping Ltd. seeks an immediate hearing

4  on this emergency motion to vacate the Supplemental Admiralty Rule B attachment of the M/V

5  COSCO TAICANG, for the following reasons.

6      Plaintiff purportedly asserted a maritime claim against various named Defendants in its

7  Amended Verified Complaint.  The claim appears to relate to repairs to Plaintiff's ship, the M/V

8  G.O. AMERICA, at a shipyard in China.  The shipyard, Plaintiff alleges, was a subsidiary of

9  "China Shipping company (sic) Co., Ltd."  (Dkt 6 at 2:19-20)

10      Plaintiff further contends that the shipyard's parent company merged with another

11  Chinese entity called Cosco Shipping Group Co. Ltd.  (Dkt 6 at 2:21-22)  That merged entity,

12  Plaintiff contends is China COSCO Shipping Corporation Limited.  (Dkt 6 at 2:22-23)

13      **Nowhere in Plaintiff's Amended Verified Complaint does Plaintiff identify the**

14  **owner of the M/V COSCO TAICANG or allege any claim against the owner of the M/V**

15  **COSCO TAICANG.**

16      In Plaintiff's Renewed Motion and Declaration for Rule B Attachment (Dkt 7), Plaintiff

17  alleges that a single internet web site of unknown origin identifies Defendant COSCO Shipping

18  Lines Co., Ltd. as the "owner" of three containerships that will call in this judicial district in the

19  next 30 days.  (Dkt 7 at 3-6)(citing www.vesseltracking.net/ship).  That is the sole evidence

20  Plaintiff relies upon to identify the owner of the property it seized in an *ex parte* proceeding

21  under Supplemental Admiralty Rule B.

22      From there Plaintiff alleges that that Defendant is a subsidiary of the merged entity,

23  Defendant China COSCO Shipping Corporation, Co. Ltd.  And because the shipyard against

24  which Plaintiff has a claim is also alleged to be a subsidiary of the same parent company

25  (Defendant China COSCO Shipping Corporation, Co. Ltd.), Plaintiff makes the quantum leap

26  that *any* property owned by *any* other subsidiary of China COSCO Shipping Corporation, Co.

27  Ltd., is susceptible to Rule B attachment on a claim against a wholly separate and completely

28
Case No.:  2:17-CV-00912-RSM
EMERGENCY MOTION TO VACATE WRIT OF
ATTACHMENT  - 2
KYL4850-2593-0315.1

1   unrelated subsidiary of the ultimate parent company.  Neither law nor logic supports that

2   conclusion.

3          The M/V COSCO TAICANG is owned by specially appearing Claimant COSCO

4   Atlantic Shipping Ltd.  Defendant COSCO Shipping Lines Co., Ltd. is the manager and

5   commercial operator of the ship.  This is very common in how maritime companies are

6   structured.  Each vessel is owned by a separate entity, and a fleet of vessels are managed and

7   operated by a single entity for commercial purposes.

8          Notably, Defendant COSCO Shipping Lines Co., Ltd., manages and operates ships that

9   call in this judicial district on a regular basis. That's why three ships that they manage and

10  operate will be in this district within the next 30 days.   Other COSCO-related entities are

11  registered with the Washington Secretary of State to do business in this district and perform

12  various services on behalf of that Defendant.  (See, Washington Secretary of State's

13  Corporations web site, listing COSCO Shipping (USA) Inc., COSCO Shipping Lines (North

14  America) Inc., and COSCO Shipping Terminals (USA) LLC.)  There should be little doubt that

15  Defendant COSCO Shipping Lines Co., Ltd., and its parent company, Defendant China COSCO

16  Shipping Corporation Limited, have more than sufficient contacts with this district to support the

17  court's exercise of personal jurisdiction over them.

18

19                              **II.    LEGAL ARGUMENT**

20         The requirements for a Rule B writ of attachment to issue are well established: (1) a valid

21  prima facie admiralty claim; (2) defendant cannot be found in the district; (3) property of the

22  defendant can be found within the district; and (4) there is no statutory or maritime law bar to the

23  attachment.  *Equitorial Marine Fuel Mgmt. Servs. Pte Ltd. v. MISC Berhad,* 591 F.3d 1208, 1210

24  (9th Cir. 2010).

25         Plaintiff alleges that it has a maritime claim against a shipyard in China, Defendant

26  "China Shipping Industry (Shanghai Changxing) Co. Ltd." (sic)(Dkt 6 at 3:8-9)

27         Plaintiff contends that Defendant China COSCO Shipping Corporation is the parent

28

Case No.:  2:17-CV-00912-RSM
EMERGENCY MOTION TO VACATE WRIT OF
ATTACHMENT  - 3
KYL4850-2593-0315.1

company of the other three defendants.  (Dkt 6 at 25-29)  Plaintiff evidently takes the position that a claim against a subsidiary of an ultimate parent corporation allows the claimant to assert an *ex parte* Rule B action against, and seize any piece of property belonging to, every other subsidiary of the ultimate parent corporation.  There is no law supporting Plaintiff's position on this issue.

As noted, the ship that Plaintiff attached, the M/V COSCO TAICANG, is owned by COSCO Atlantic Shipping Ltd.  Plaintiff would have known that if it had done even modest due diligence on the issue and not relied upon a dubious website that provides no information about the basis of the information provided.  Since Plaintiff does not have a maritime claim against the owner of the ship, Plaintiff cannot attach the ship under Rule B.  That is black letter maritime law.

To the extent the M/V COSCO TAICANG calls regularly in this district, then the ship and its owner would have sufficient contacts with this district to support the court's exercise of personal jurisdiction over the owner. This too would preclude attachment of the ship under Rule B.

Moreover, at least two of the defendants similarly have more than ample contacts with this district to support this court's exercise of personal jurisdiction over them, and thus precluding issuance of a Rule B writ of attachment against their property (assuming they actually own the property that's here).  Defendant China COSCO Shipping Corporation Limited is the ultimate parent company of a large number of entities involved in everything from shipping to shipyards to container owning to asset management to logistics to vessel manning, among numerous others.  (Dkt 6-4 at pages 2-3 of 4)  To the extent they own the various companies that own the ships that regularly call in western Washington, they are plainly present within the district for jurisdictional purposes.  Moreover, they are the ultimate parent company of the various COSCO-related entities registered to do business in this state.   The parent company has continuous and systematic contacts with western Washington and thus is present here.

Defendant COSCO Shipping Lines Co., Ltd., similarly manages and operates various

Case No.:  2:17-CV-00912-RSM
EMERGENCY MOTION TO VACATE WRIT OF ATTACHMENT  - 4
KYL4850-2593-0315.1

KEESAL, YOUNG & LOGAN
1301 FIFTH AVENUE, SUITE 3100
SEATTLE, WASHINGTON 98101
(206) 622-3790

container ships that call here on a regular liner service. That undeniably provides sufficient contacts for the court to exercise personal jurisdiction over that defendant, precluding application of Rule B.

Finally, there would be no prejudice to Plaintiff to release the M/V COSCO TAICANG. As Plaintiff alleges, there will be other COSCO-related ships arriving in the next 30 days. In fact there will be COSCO-related ships arriving several times per month for the indefinite future. Instead of tying up a piece of property worth tens of millions of dollars, not to mention the cargo on board that is likely worth multiples of the value of the ship itself, the parties can sort out the legal issues on a more reasonable schedule and if Plaintiff is entitled to a Rule B writ of attachment, then they can seize the next COSCO-related ship to call here, although that will not be the case under the circumstances of Plaintiff's claim.

## III.    CONCLUSION

Plaintiff alleges a claim against a shipyard that is a subsidiary of a parent company that is also the parent to a separate, distinct and unrelated international containership company. Based on nothing other than the fact that the containership company is also a subsidiary of the common parent, Plaintiff makes various *ex parte* representations to the court claiming that it is entitled to a Rule B writ of attachment to seize a ship that has nothing whatsoever to do with the shipyard allegedly responsible for Plaintiff's losses. That is not how Rule B works. The law does not allow attachment in these circumstances.

The court should vacate the Process of Attachment immediately and direct the U.S. Marshal to release the ship forthwith. Specially appearing Claimant COSCO Atlantic Shipping Ltd. reserves the right to bring a counterclaim against Plaintiff for wrongful attachment.

/ / /

/ / /

/ / /

/ / /

Case No.:  2:17-CV-00912-RSM
EMERGENCY MOTION TO VACATE WRIT OF
ATTACHMENT  - 5
KYL4850-2593-0315.1

KEESAL, YOUNG & LOGAN
1301 FIFTH AVENUE, SUITE 3100
SEATTLE, WASHINGTON 98101
(206) 622-3790

1    DATED this 30th day of June, 2017.

2

3                                              /s/ Philip R. Lempriere
                                               Philip R. Lempriere, WSBA No. 20304
4                                              Attorneys for Specially Appearing Claimant
                                               COSCO Atlantic Shipping Ltd.,
5                                              Keesal, Young & Logan
                                               1301 Fifth Avenue, Suite 3100
6                                              Seattle, Washington  98101
                                               Telephone:    (206) 622-3790
7                                              Facsimile:     (206) 343-9529
                                               *E mail:*        *philip.lempriere@kyl.com*
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No.:  2:17-CV-00912-RSM
EMERGENCY MOTION TO VACATE WRIT OF
ATTACHMENT  - 6
KYL4850-2593-0315.1

KEESAL, YOUNG & LOGAN
1301 FIFTH AVENUE, SUITE 3100
SEATTLE, WASHINGTON  98101
(206) 622-3790

## <u>CERTIFICATE OF SERVICE</u>

1

2          I hereby certify that on the date given below, I electronically filed the foregoing

3    **EMERGENCY MOTION TO VACATE WRIT OF ATTACHMENT** with the Clerk of the

4    Court using the CM/ECF system which will send electronic notification of such filing to the

5    following persons:

6

7    Edward C. Chung, Esq.
     Chung, Malhas & Mantel, PLLC

8    1511 Third Avenue, Suite 1088
     Seattle, WA  98101

9    Attorneys for Plaintiff G.O America Shipping Company, Inc.

10         DATED this 30th day of June, 2017, at Seattle, Washington.

11

12   _____
     Andrew Fomai

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No.:  2:17-CV-00912-RSM
EMERGENCY MOTION TO VACATE WRIT OF
ATTACHMENT  - 7
KYL4850-2593-0315.1