CHIEF UNITED STATES DISTRICT COURT JUDGE RICARDO MARTINEZ

# IN THE UNITED STATES DISTRICT COURT FOR
# THE WESTERN DISTRICT OF WASHINGTON (SEATTLE)
# IN ADMIRALTY

| | |
|---|---|
| G.O. AMERICA SHIPPING COMPANY, INC., a corporation registered in the Republic of the Marshall Islands,<br><br>Plaintiff(s),<br><br>v.<br><br>CHINA COSCO SHIPPING CORPORATION LIMITED, a company registered in the People Republic of China,<br><br>COSCO SHIPPING LINES CO, Ltd. a subsidiary of CHINA COSCO SHIPPING CORPORATION LIMITED<br><br>CHINA SHIPPING INDUSTRY, (Shanghai Changxing) Co. Ltd., a subsidiary of CHINA COSCO SHIPPING CORPORATION LIMITED<br><br>and<br><br>COSCO SHIPPING HEAVY INDUSTRY CO., subsidiaries of CHINA COSCO SHIPPING CORPORATION LIMITED,<br><br>Defendant(s). | Case No. 2:17-cv-00912-RSM<br><br>*PLAINTIFF'S RESPONSE TO SPECIAL CLAIMANT'S EMERGENCY MOTION TO VACATE WRIT OF ATTACHMENT* |

**TO:** The United States District Court Clerk's Office; and

### I.   PLAINTIFF'S RESPONSE TO EMERGENCY MOTION TO VACATE WRIT OF THIS COURT'S RUL B ATTCHMENT

Plaintiff is a Marshall Island company, owned by a United States company, Great Ocean Shipping Line, Inc., registered in Washington State that brought a Rule B Attachment for releasing its vessel G.O.

PLAINTIFF'S RESPONSE TO SPECIAL CLAIMANT'S EMERGENCY
MOTION TO VACATE WRIT OF ATTACHMENT – PAGE 1 OF 4



Chung, Malhas & Mantel, PLLC
1511 Third Avenue, Suite 1088
Seattle, Washington 98101
Phone: (206) 264-8999  ♦  Facsimile: (206) 264-9098

America which has been *held unlawfully in Shanghai, China, and as a result of its wrongful detention incurred substantial economic harm amounting to eleven million U.S. dollars (11,000,000 USD) to date*.

This Court issued a Rule B Attachment and established that Plaintiffs made a *prima facie* case for Rule B Attachment.

Special Claimant COSCO Atlantic Shipping Company Ltd. (hereinafter referred to as "COSCO Atlantic") an apparent subsidiary of COSCO Shipping Lines Co., Ltd. ("hereinafter referred to as "COSCO Shipping Lines").

**Nowhere in Special Claimant's** *Emergency Motion To Vacate this Court's Rule B Write of Attachment does Special Claimant provide ANY evidence or proof contradictory to the fact that COSCO Atlantic Shipping Company Ltd. is an altra ego of the named Defendants.*

## II.     LEGAL ARGUMENT

Special Claimant COSCO Atlantic Shipping Company Ltd. seeks release of the Supplemental Admiralty B attachment of the M/V COSCO TAICANG. The allegations for release delineated in the motion is that (1) COSCO Atlantic is an <u>unnamed</u> Defendant and therefore not subject to Rule B attachment and that the <u>named</u> Defendant (2) COSCO Shipping Lines Co., Ltd. ("hereinafter referred to as "COSCO Shipping Lines" has sufficient minimum contacts within the district wherein a Rule B attachment may be established.

With the exception of *Equitorial Marien Fuel Mgmt Servs. Pte Ltd v. MISC Berhad*, 591 F.3d 1208, 1210, that addresses the prima facie elements for a Rule B Attachment, *<u>nowhere in</u> Special Claimant's motion does not address the legal standard for a Supplemental Admiralty Rule E(4)(f) proceeding, nor does it provide any documentation or evidence, other than Defendant's counsel's memorandum of law, that allows the Court to assess the merits of Special Claimant's argument*.

At present, Special Claimant has not established or addressed for that matter COSCO Atlantic's affiliation with COSCO Shipping Lines, a named party. Special Claimant does not assert that COSCO

PLAINTIFF'S RESPONSE TO SPECIAL CLAIMANT'S EMERGENCY
MOTION TO VACATE WRIT OF ATTACHMENT – PAGE 2 OF 4

CHUNG, MALHAS & MANTEL, PLLC
1511 Third Avenue, Suite 1088
Seattle, Washington 98101
Phone: (206) 264-8999  ♦  Facsimile (206) 264-9098

Atlantic is within this judicial district and it appears to be representing, at the same time as representing COSCO Atlantic that it has sufficient contacts within this district. Attached as **Exhibit A** to Plaintiff's Response and incorporated herein by reference is the website domain https://world-ships.com/company/263eca629f88f6d9c0666d5dc0e536d1#.WVc5Z8lGmL8, that identifies COSCO Atlantic being owned by COSCO Shipping Lines. Again, the information Plaintiff provided is based on information from that Plaintiff had able to obtain in relation to a company that represented that it would not release their ship, G.O. America, due to Defendants' internal reorganizational issues. The fact

In light of the foregoing, the question arises *whether COSCO Atlantic is the alter ego of the named parties. Case law permits Plaintiff to attach the alter ego's assets as well the named parties assets.* See, *William Passalaqua Builders, et al. v. Resnick Developers South, Inc., et. al*. 933 F.2d 131, 139 (2d. Cir 1990). In *Tideline v. Eastrade Commodities*, 2007 AMC 252 (S.D.N.Y. 2007), the New York district court noted that *"[t]he Court of Appeals' holding and rationale in Aqua Stoli Shipping Ltd. [] strongly undermine the standard, stated in a number of cases, that [a] hearing pursuant to Supplemental Rule E(4)(f) is intended to 'make a preliminary determination whether there were reasonable grounds for issuing the warrant*.'" (emphasis added).  The "reasonable grounds" standard would otherwise require a Plaintiff to present evidence to justify the maintenance of a Rule B attachment if said attachment is challenged by a Defendant.

Instead, the Tideline court held, "*the holding and overall rationale of Aqua Stoli . . . imply that the 'probable cause' or 'reasonable grounds' standard is generally improper when considering whether a maritime attachment must be vacated.*  Under this logic, the Court should not engage in a broad inquiry into evidence presented as to" the alter ego relationship.  **In sum, a Plaintiff need not submit evidence as to these factors, but only demonstrate that it has a "prima facie" claim against the Defendant on the basis of alleged alter ego status.**

PLAINTIFF'S RESPONSE TO SPECIAL CLAIMANT'S EMERGENCY
MOTION TO VACATE WRIT OF ATTACHMENT – PAGE 3 OF 4

CHUNG, MALHAS & MANTEL, PLLC
1511 Third Avenue, Suite 1088
Seattle, Washington 98101
Phone: (206) 264-8999  ♦  Facsimile (206) 264-9098

### III. **CONCLUSION**

Based on the foregoing, Plaintiff respectfully asks that the Court deny Special Claimant's motion.

Respectfully submitted this 1st day of July 2018

*/s/ Edward C. Chung*
Edward C. Chung, WSBA# 34292
Attorney for Plaintiff

PLAINTIFF'S RESPONSE TO SPECIAL CLAIMANT'S EMERGENCY
MOTION TO VACATE WRIT OF ATTACHMENT – PAGE 4 OF 4



CHUNG, MALHAS & MANTEL, PLLC
1511 Third Avenue, Suite 1088
Seattle, Washington 98101
Phone: (206) 264-8999 ♦ Facsimile (206) 264-9098