UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| G.O. AMERICA SHIPPING COMPANY, INC., a corporation registered in the Republic of the Marshall Islands,<br><br>                 Plaintiff,<br><br>   v.<br><br>CHINA COSCO SHIPPING CORPORATION LIMITED, a company registered in the People Republic of China; COSCO SHIPPING LINES CO, Ltd. a subsidiary of CHINA COSCO SHIPPING CORPORATION LIMITED; CHINA SHIPPING INDUSTRY, (Shanghai Changxing) Co. Ltd., a subsidiary of CHINA COSCO SHIPPING CORPORATION LIMITED; and COSCO SHIPPING HEAVY INDUSTRY CO., subsidiaries of CHINA COSCO SHIPPING CORPORATION LIMITED,<br><br>                 Defendants. | Case No. C17-0912 RSM<br><br>ORDER GRANTING MOTION TO VACATE AND ALLOWING PLAINTIFF TO AMEND COMPLAINT |

## I.    INTRODUCTION

This matter comes before the Court on Specially-Appearing Claimant COSCO Atlantic Shipping Ltd.'s (hereinafter "COSCO Atlantic") Motion to Vacate Rule B Attachment. Dkt. #20. COSCO Atlantic argues that vacatur is mandatory in this case because Plaintiff does not

ORDER VACATING RULE B ATTACHMENT - 1

name it as a Defendant, Plaintiff fails to make a valid alter ego argument, at least one of the named Defendants can be located in this District, and it is not clear that Plaintiff holds a valid maritime lien, and therefore the Rule B attachment requirements have not been met. Dkt. #20. Plaintiff opposes the motion, arguing that it has met its burden at this stage of the proceedings and the attachment is valid. Dkt. #39. A hearing was held on the motion pursuant to Supplemental Admiralty Rule E(4)(f) on July 10, 2017. Dkt. #47. Having considered the motion and related briefing, along with the arguments made at the Rule E(4)(f) hearing and the remainder of the record, the Court now GRANTS COSCO Atlantic's motion for the reasons discussed herein, but will allow Plaintiff to amend its Complaint.

## II.    BACKGROUND

Plaintiff brought the instant action on June 13, 2017, by filing a Verified Complaint in this Court. Dkt. #1. At the same time, Plaintiff filed an Emergency Motion for Rule B Attachment of Defendants' Assets. Dkt. #3. The Court denied the motion on the basis that Plaintiff had failed to satisfy the Rule B requirements for attachment. Dkt. #4.

On June 23, 2017, Plaintiff filed an Amended Verified Complaint, along with a second Emergency Motion for Rule B Attachment of Defendants' Assets. Dkts. #6 and #7. On June 26, 2017, the Court granted Plaintiff's motion, and issued a writ of attachment. Dkt. #8. Plaintiff then secured the M/V COSCO Taicang pursuant to the Court's Order.

On June 30, 2017, Special Claimant COSCO Atlantic Shipping Ltd. appeared in this action, requested a hearing about the attachment, and made an Emergency Motion to Vacate the Rule B Attachment on the basis that the M/V COSCO Taicang is not the property of Defendants. Dkts. #14, #15 and #16. The Court held a telephonic hearing on July 1st, and denied the motion for lack of evidence. Dkt. #19.

ORDER VACATING RULE B ATTACHMENT - 2

On July 5, 2017, Special Claimant renewed its Emergency Motion to Vacate the Rule B Attachment, and also filed a Motion for Bond for Security Costs seeking $500.00 in security for its costs related to this action from Plaintiff. Dkts. #20 and #25. Special Claimant also filed a Motion to Set a Bond for Security in order to release the vessel. Dkt. #27. In July 6, 2017, the Court held a hearing on the Motion to Set a Bond for Security, set a bond of $6 million, and the vessel was released upon posting of the bond. Dkts. #30, #31 and #32.

On July 7, 2017, Special Claimant filed an Amended Motion for Bond for Security Costs, seeking an Order directing Plaintiff to deposit security in the amount of $90,000, which constituted the premium payment required to secure the $6 million bond. Dkt. #42. On July 10, the Court held a hearing pursuant to Supplemental Admiralty Rule E(4)(f) on Special Claimant's motion to vacate the vessel attachment. In addition, the Court heard argument on Special Claimant's amended motion for security bond. Dkt. #47. The Court granted the motion for security bond in part, directing Plaintiff to post security in the amount of $500.00. Dkts. #47, #48 and #51. That security has since been deposited to the Court. Dkt. #49. The Court now enters this Order on Special Claimant's motion to vacate the Rule B attachment.

### III. DISCUSSION

Rule B maritime attachments serve the dual purpose of obtaining jurisdiction over an absent defendant and securing collateral for a potential judgment in plaintiff's favor. *Aqua Stoli Shipping Ltd. v. Gardner Smith Pty. Ltd.*, 460 F.3d 434, 437 (2d Cir. 2006), *overruled on other grounds by Shipping Corp. of India Ltd. v. Jaldhi Overseas Pte Ltd.*, 585 F.3d 58, 61 (2d Cir. 2009) (mini en banc). The elements for a Rule B writ of maritime attachment are: "(1) Plaintiff has a valid prima facie admiralty claim against the defendant; (2) defendant cannot be found within the district; (3) property of the defendant can be found within the district; and (4) there is

ORDER VACATING RULE B ATTACHMENT - 3

no statutory or maritime law bar to the attachment." *Equatorial Marine Fuel Mgmt. Servs. Pte Ltd. v. MISC Berhad*, 591 F.3d 1208, 1210 (9th Cir. 2010) (citing *Aqua Stoli Shipping*, 460 F.3d at 445; Fed. R. Civ. P., Supp. R. B).

In its Amended Verified Complaint, Plaintiff named four Defendants:

1) CHINA COSCO SHIPPING CORPORATION LIMITED, a company registered in the People Republic of China;

2) COSCO SHIPPING LINES CO, Ltd. a subsidiary of CHINA COSCO SHIPPING CORPORATION LIMITED;

3) CHINA SHIPPING INDUSTRY, (Shanghai Changxing) Co. Ltd., a subsidiary of CHINA COSCO SHIPPING CORPORATION LIMITED; and

4) COSCO SHIPPING HEAVY INDUSTRY CO., subsidiaries of CHINA COSCO SHIPPING CORPORATION LIMITED.

Dkt. #6. There is no dispute that none of these Defendants is a registered owner of the M/V COSCO Taicang. There is also no dispute that Special Claimant COSCO Atlantic Shipping Ltd. is the registered owner. There also appears to be no dispute that COSCO Atlantic is a subsidiary of COSCO Shipping Lines Co. Ltd. *See* Dkt. #41.

Both Plaintiff and Special Claimant have submitted exhibits noting that Defendant China COSCO Shipping Corporation Limited is a "group owner" of the M/V COSCO Taicang. Dkts. #38 and #24, Ex. A. Plaintiff argues that, as a result, China COSCO Shipping Corporation Limited has an interest in the M/V COSCO Taicang (because COSCO Atlantic is ultimately a subsidiary of Defendant China COSCO Shipping Corporation Limited), and therefore attachment of the M/V COSCO Taicang as Defendants' property is appropriate. Special Claimant argues

ORDER VACATING RULE B ATTACHMENT - 4

that there is no ownership of the M/V COSCO Taicang by Defendant China COSCO Shipping Corporation Limited and therefore the attachment must be vacated.

Supplemental Admiralty Rule E(4)(f) allows any person whose property has been attached pursuant to Rule B an opportunity to appear before the Court to contest the attachment. To sustain an attachment, the burden is on Plaintiff to show that it has fulfilled the "filing and service requirements of Rules B and E." *Aqua Stoli Shipping Ltd. v. Gardner Smith Pty Ltd.*, 460 F.3d 434, 445 (2d Cir. 2006) (footnote omitted). If a plaintiff fails to demonstrate that it has met the requirements of Rules B and E, the Court must vacate the attachment. *Id.* at 445. Maritime plaintiffs, however, are not required to prove their case at this stage. *See Wajilam Exps. (Singapore) Pte, Ltd. v. ATL Shipping Ltd.,* 475 F. Supp. 2d 275, 2006 U.S. Dist. LEXIS 77033, 2006 WL 3019558, at *3 (S.D.N.Y. Oct. 23, 2006) (holding that where attachment is based on a fraud theory of veil piercing, plaintiff should not be required to allege fraud with particularity before discovery) (citing *Japan Line, Ltd. v. Willco Oil Ltd.,* 424 F. Supp. 1092, 1094 (D. Conn. 1976)); *Sea-Terminals, Inc. v. Indep. Container Line, Ltd.*, 1989 WL 222634, at *2 (D. Del. Aug. 16, 1989) (holding that whether the defendant "is a totally separate and unrelated company" from the company directly liable to plaintiff should not be decided "until the facts are fully fleshed out after discovery").

COSCO Atlantic first argues that the Attachment should be vacated because it was not named in the Verified Complaint or in the Attachment. The Court agrees. Supplemental Admiralty Rule B(1)(a) states that, "If a *defendant* is not found within the district . . . a verified complaint may contain a prayer for process to attach the *defendant's* tangible or intangible personal property - up to the amount sued for - in the hands of garnishees named in the process." (emphasis added). Rule B limits the scope of an attachment to a defendant who is named in a

ORDER VACATING RULE B ATTACHMENT - 5

verified complaint, and because COSCO Atlantic is not named in the Verified Complaint, Plaintiff cannot attach its property. *See Winter Storm Shipping, Ltd. v. TPI*, 310 F.3d 263, 269 (2d Cir. 2002) ("In attachment and garnishment proceedings the persons whose interests will be affected by the judgment are identified by the complaint."); *DS Bulk Pte. Ltd. v. Calder Seacarrier Corp.*, 2006 U.S. Dist. LEXIS 39242, 2006 WL 1643110, at *2 (S.D.N.Y. June 13, 2006) ("The language of Supplemental Rule B clearly anticipates that only a 'defendant' will be subject to an order of attachment."). "Specifically, Supplemental Rule B requires a plaintiff to make 'a prima facie showing that [it] has a maritime claim against the defendant in the amount sued for.'" *DS Bulk,* 2006 U.S. Dist. LEXIS 39242, 2006 WL 1643110, at *2 (citing Supplemental Admiralty Rule B advisory committee's note). Plaintiff's failure to name COSCO Atlantic as a Defendant to this action means that Plaintiff cannot make a prima facie showing that it properly alleged a maritime claim against COSCO Atlantic when the Attachment was issued. *See DS Bulk*, 2006 U.S. Dist. LEXIS 39242, 2006 WL 1643110, at *2 (vacating attachment of non-party defendant). In addition, because COSCO Atlantic was not named in the Verified Complaint, Plaintiff did not aver, as required by Rule B, that COSCO Atlantic could not be "found within the district." *Id.* Thus, the Attachment must be vacated for failure to comply with the requirements of Rule B. *Id.*

Plaintiff's attempts to defend the Attachment are unpersuasive. First, the fact that China COSCO Shipping Corporation Limited may have an "interest" in the M/V COSCO Taicang is largely irrelevant to a motion to vacate; the standard for defending an attachment is more exacting than possession of a mere interest in the attached funds. *Id.* (noting that plaintiff could not cite "authority for the proposition that property of a non-party to an action may be attached on the bare assertion that this property in fact belongs to a party to the action."). Second, Plaintiff's

ORDER VACATING RULE B ATTACHMENT - 6

argument that COSCO Atlantic is merely a subsidiary that China COSCO Shipping Corporation uses to shield itself from liability, even if it were true, would not justify the attachment of the M/V COSCO Taicang unless it was named in the Verified Complaint. Rule B demands as much.

Plaintiff also argues that Attachment is appropriate under an alter ego theory, and that these entities should not be allowed to circumvent the maritime attachment process through a corporate shell game. Plaintiff relies on *Tide Line, Inc. v. Eastrade Commodities, Inc.*, 2006 U.S. Dist. LEXIS 60770 (S.D.N.Y. Aug. 15, 2006). However, that case is distinguishable from the instant matter. In the context of a motion to vacate an attachment, the *Tide Line* court considered whether the plaintiff had adequately pled alter ego status against Transclear, S.A. ("Transclear"), a named defendant, even though only one sentence in the complaint referred to Transclear. There, Tide Line actually named Transclear as a defendant in its verified complaint, and obtained an attachment based on that complaint, which did not occur in the instant case. Indeed, COSCO Atlantic is not named in the Amended Verified Complaint, no allegations were made against it, and the Attachment signed by this Court did not include COSCO Atlantic. For all of these reasons the Court will vacate the attachment.[1]

However, the Court notes that Plaintiff appears to have discovered additional information and evidence since the filing of its Amended Verified Complaint. Accordingly, the Court will allow Plaintiff to file a Second Amended Verified Complaint if it so desires, in Order to allege claims against the appropriate Defendants and/or sufficiently allege an alter ego claim.

///

///

///

---

[1] Because the Court grants Special Claimant's motion on the basis that the Rule B requirements have not been met, it does not address Special Claimant's alternative bases for vacatur.

ORDER VACATING RULE B ATTACHMENT - 7

### III. CONCLUSION

Having reviewed Special Claimant's Motion to Vacate Rule B Attachment, the opposition thereto, the exhibits and declarations in support of the parties' briefing, and the remainder of the record, the Court hereby finds and ORDERS:

1. Special Claimant's Emergency Motion to Vacate Maritime Attachment (Dkt. #20) is GRANTED.

2. The Process of Attachment dated June 26, 2017, is hereby VACATED as to the M/V COSCO Taicang only, and all security and attached/garnished property of COSCO Atlantic Shipping Ltd. is hereby exonerated, including the bond that COSCO Atlantic Shipping posted on July 7, 2017.

3. The Process of Attachment dated June 26, 2017, is vacated **only with respect to the M/V COSCO Taicang and the property of COSCO Atlantic Shipping Ltd.** Special Claimant appeared only on behalf of COSCO Atlantic, and has represented that the other vessels named in the Process of Attachment have different registered owners. Dkts. #8, #14 and #24, Exs. B and C. Those alleged owners have not appeared in this action, nor have they challenged the Writ of Attachment.

4. No later than fourteen (14) days from the date of this Order, Plaintiff may file a Second Amended Verified Complaint as described above.

DATED this 14th day of July, 2017.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER VACATING RULE B ATTACHMENT - 8