UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| G.O. AMERICA SHIPPING COMPANY, INC., a corporation registered in the Republic of the Marshall Islands,<br><br>                  Plaintiff,<br><br>   v.<br><br>CHINA COSCO SHIPPING CORPORATION LIMITED, a company registered in the People Republic of China; COSCO SHIPPING LINES CO, Ltd. a subsidiary of CHINA COSCO SHIPPING CORPORATION LIMITED; CHINA SHIPPING INDUSTRY, (Shanghai Changxing) Co. Ltd., a subsidiary of CHINA COSCO SHIPPING CORPORATION LIMITED; and COSCO SHIPPING HEAVY INDUSTRY CO., subsidiaries of CHINA COSCO SHIPPING CORPORATION LIMITED,<br><br>                  Defendants. | Case No. C17-0912 RSM<br><br>ORDER DENYING SPECIAL CLAIMANT'S MOTION FOR RECONSIDERATION |

THIS MATTER comes before the Court on Specially-Appearing Claimant COSCO Atlantic Shipping Ltd.'s (hereinafter "COSCO Atlantic") Motion for Reconsideration. Dkt. #55. Although it was successful on its prior Motion to Vacate Rule B Attachment, it now asks the

ORDER - 1

Court to amend its Order granting that motion to include a legal standard that the Court did not discuss. *Id.*

"Motions for reconsideration are disfavored." LCR 7(h). "The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." LCR 7(h)(1). In this case, the Court is not persuaded that it is necessary to amend its Order. Special Claimant complains that the Court did not state the complete standard required to prevail on a Rule E(4)(f) hearing. Specifically, Special Claimant notes that the Court should have set forth a probable cause standard, particularly because Plaintiff conceded that was the correct standard. Special Claimant misconstrues the Court's Order. The Court's written Order was meant to supplement the oral ruling provided on the record on July 10, 2017. *See* Dkt. #47. During that hearing, the Court noted, and Plaintiff conceded, that Plaintiff had the burden of showing probable cause for the vessel arrest. While the Court did not discuss that standard again in the written Order, it does not mean that the Court disposed of or denied that burden in any way. Rather, the Court focused on a different reason to grant the motion. Accordingly, the Court finds it unnecessary to amend its written Order. Accordingly, Special Claimant's Motion for Reconsideration (Dkt. #55) is DENIED.

DATED this 3rd day of August 2017.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE