THE HONORABLE UNITED STATES DITRICT COURT JUDGE MARSHA J. PECHMAN

IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF WASHINGTON (SEATTLE)
IN ADMIRALTY

| | |
|---|---|
| G.O. AMERICA SHIPPING COMPANY, INC., a corporation registered in the Republic of the Marshall Islands,<br><br>Plaintiff,<br><br>v.<br><br>CHINA COSCO SHIPPING CORPORATION LIMITED, a foreign company registered in the People Republic of China and not within the District of the State of Washington; and<br><br>COSCO SHIPPING LINES CO, Ltd. a foreign company and subsidiary of CHINA COSCO SHIPPING CORPORATION LIMITED and not within the District of the State of Washington; and<br><br>CHINA SHIPPING INDUSTRY, (Shanghai Changxing) Co. Ltd., a foreign company and subsidiary of CHINA COSCO SHIPPING CORPORATION LIMITED and not within the District of the State of Washington; and<br><br>COSCO SHIPPING HEAVY INDUSTRY CO., foreign company and subsidiary of CHINA COSCO SHIPPING CORPORATION LIMITED and not within the District of the State of Washington; and | Case No. 2:17-cv-00912-RSM<br><br>PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE DECEMBER 5, 2017 COURT ORDER GRANTING MOTION TO VACATE PLAINTIFF'S RULE B ATTACHMENT AND DISMISSING ALL NAMED DEFENDANTS<br><br>NOTED FOR RECONSIDERATION ON: TUESDAY, DECEMBER 19, 2017 |

PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE DECEMBER 5, 2017 COURT ORDER GRANTING MOTION TO VACATE   PLAINTIFF'S RULE B ATTACHMENT AND DISMISSING ALL NAMED DEFENDANTS - PAGE 1 OF 10



CHUNG, MALHAS & MANTEL, PLLC
1511 Third Avenue, Suite 1088
Seattle, Washington 98101
Phone: (206) 264-8999  ♦  Facsimile (206) 264-9098

COSCO ATLANTIC SHIPPING LTD., a foreign company and subsidiary of CHINA COSCO SHIPPING CORPORATION LIMITED and not within the District of the State of Washington; and

SHANGHAI OCEAN SHIPPING CO., a foreign company and subsidiary of CHINA COSCO SHIPPING CORPORATION LIMITED and not within the District of the State of Washington; and

COSCO INDIAN OCEAN SHIPPING LTD., subsidiaries of CHINA COSCO SHIPPING CORPORATION LIMITED; and not within the District of the State of Washington; and

COSCO OCEANIA SHIPPING LIMITED., subsidiaries of CHINA COSCO SHIPPING CORPORATION LIMITED; and not within the District of the State of Washington; and

COSCO CONTAINER LINE rename COSCO SHIPPING LINE LTD., subsidiaries of CHINA COSCO SHIPPING and not within the District of the State of Washington,

                                                  Defendant(s)

**TO:** The United States District Court Clerk's Office; and
**TO:** Defendants

## I.   INTRODUCTION AND RELIEF REQUESTED

**COMES NOW**, Plaintiff, by and through its attorney of record Edward C. Chung, and the law firm of CHUNG, MALHAS & MANTEL, PLLC. Prior to noting this matter for appeal, Plaintiff moves this Court for a Court Order reconsidering its December 5, 2017 Court Order (Dck# 80) that effectively dismissed all named Defendants and granted Special Claimant, COSCO Atlantic Shipping Ltd.'s 's and COSCO Shipping Lines Motion to Dismiss pursuant to FRCP 12 (b) 6. The December 5, 2017 Court Order regretfully misapplies the applicable legal standard for vacatur for maritime B attachment and neglects both facts and evidence contained on the record mandating reconsideration of a flawed and erroneous Court ruling.

PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE DECEMBER 5, 2017 COURT ORDER GRANTING MOTION TO VACATE   PLAINTIFF'S RULE B ATTACHMENT AND DISMISSING ALL NAMED DEFENDANTS - PAGE 2 OF 10

CHUNG, MALHAS & MANTEL, PLLC
1511 Third Avenue, Suite 1088
Seattle, Washington 98101
Phone: (206) 264-8999  ♦  Facsimile: (206) 264-9098

## II. FACTUAL BASIS FOR RECONSIDERATION

Lets revisit the factual and procedural facts contained within that appear to be overlooked in the December 5, 2017 Court Order dismissing all [1] named Defendants. Number one, a U.S. cargo ship, the GO America, innocently seeking repairs over foreign waters has been held hostage in Shanghai, China due to internal corporate fraud and embezzlement of funds. This factual allegation was not only contained in Plaintiff's Verified Complaint but also in the declaration of Captain Huy Ying Chen. *See*, (Dck #38 ) Repairs for the GO America cargo ship were initially quoted at approximately $60,000, then $250,000.00 and then nearly $1.5 million (USD).

This Court, based on Judge Martinez's June 14 and June 26, 2017 Court Order made a finding that Plaintiff has already established a cognizable maritime legal claim. *See*, Dck# 4 and Dck# 8. Contrary to this Court's December 5, 2017 Court Order, COSCO Atlantic's June 30, 2017 Emergency Motion for Vacatur was denied. See, (Dck# 19). Moreover, this Court's December 5, 2017 Court Order footnote stating COSCO Atlantic posted a 90,000 bond is also inaccurate. On July 6, 2017 this Court ordered COSCO Atlantic and COSCO Shipping Lines, Co., Ltd to post a $6 million dollar bond. See, (Dck# 30).

While these fact are concerningly overlooked, what is difficult to appreciate is the Court's indifference to the reality that Defendants corporate thicket of subsidiaries is not present here in the United States, but rather the maze of corporate structuring is worldwide with the nucleus of organization and control in China. This Court suggests that the evidence presented is insufficient; despite Plaintiff producing foreign documents as well as U.S. records (USPTO) evidencing a common ownership and overlap of property used by sister subsidiaries; in this case the intangible COSCO trademark. See, Declaration of Captain Huy Ying Chen, Dck #38 along with supporting exhibits.

---

[1] Although COSCO Atlantic and COSCO Shipping Line file a Motion for Vacatur, the Court dismissed all Defendants with prejudice, sua sponte.



PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE DECEMBER 5, 2017 COURT ORDER GRANTING MOTION TO VACATE   PLAINTIFF'S RULE B ATTACHMENT AND DISMISSING ALL NAMED DEFENDANTS - PAGE 3 OF 10

CHUNG, MALHAS & MANTEL, PLLC
1511 Third Avenue, Suite 1088
Seattle, Washington 98101
Phone: (206) 264-8999   ♦   Facsimile (206) 264-9098

The foregoing facts, taken as true and in the light most favorable to Plaintiff, it is hard to appreciate the legal reasoning for which this Court can grant a 12 (b) 6 motion for an order of dismissal and on top of that, dismiss all named Defendants sua sponte. Defendants Second Amended Complaint is a work of legal art, with detailed allegations and supporting exhibits that more than surpasses the heightened federal standard of pleading.

### III.  ISSUES PRESENTED

1. Whether the motions, pleadings, declarations on the record and manifest justice requires that the Court reconsider its December 5, 2017 Court Order and award relief stated herein.

### IV. EVIDENCE RELIED UPON

Plaintiff's Motion for Reconsideration relies upon the exhibits contained herein, as well as all motions, pleadings, declarations contained in the Court record and other.

### V. PROCEDURAL BACKGROUND AND LEGAL BASIS FOR WARRANTING RECONSIDERATION

**A. Standard for a Motion for Reconsideration**

According to the Ninth Circuit Court of Appeals, a successful motion for reconsideration must accomplish two goals. First, it must demonstrate some reason why the court should reconsider its prior decision. *Na Mamo O 'Aha 'Ino v. Galiher*, 60 F. Supp. 2d 1058, 1059 (D. Haw. 1999); citation omitted. Second, a motion for reconsideration must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. Id. Courts have established three grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *Mustafa v. Clark County Sch. Dist.*, 157 F.3d 1169, 1178-79 (9th Cir. 1998); *Great Hawaiian Financial Corp. v. Aiu*, 116 F.R.D. 612, 616 (D. Haw.1987), *rev'd on other grounds*, 863 F.2d 617 (9th Cir. 1988); *emphasis added*.

PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE DECEMBER 5, 2017 COURT ORDER GRANTING MOTION TO VACATE PLAINTIFF'S RULE B ATTACHMENT AND DISMISSING ALL NAMED DEFENDANTS - PAGE 4 OF 10



CHUNG, MALHAS & MANTEL, PLLC
1511 Third Avenue, Suite 1088
Seattle, Washington 98101
Phone: (206) 264-8999  ♦  Facsimile (206) 264-9098

**B. Plaintiff's Motion for Reconsideration of the December 5, 2017 Court Order Dismissing all Defendants Should be Granted Because the Court Misapplies the Applicable Legal Standard Plaintiff's Second Amended Complaint with Supporting Exhibits Alleges a Fraud Within Corporate Structuring.**

This Court repeatedly alleges that there is a lack of evidentiary evidnce to support the averments contained in Plaintiff's Complaint. The Court essentially mocks Plaintiff's efforts to obtain evidence from a foreign country and highlights such efforts as "desperate". That said this Court has already conceded that Plaintiff has made a cognizable legal claim for its initital writ of attachement under Rule B. It is now odd that it make a complete 180 degree turn, especially since the Second Amended Complaint, if taken as true addresses many of the pleading shortfalls of the initial complaint, even adding a section specifically for alter ego. Again, we are about to submit discovery, but have been barred from doing this by a 12 b (6) motion that based on the responsive pleadings already contained on the record, should have been treated a a motion for a judgment on the pleadings. As for the alter ego theory and claims of a unity in interest, such words appear to comport with Washington State assessment of alter ego. In proving alter ego a party can demonstrate that the corporate entity has been disregarded by the principals themselves so that there is such a ***unity of ownership and interes***t that the separateness of the corporation has ceased to exist. *Kueckelhan v. Federal Old Line Ins. Co. (Mut.*), 69 Wash.2d 392, 418 P.2d 443 (1966); *J. I. Case Credit Corp. v. Stark*, (64 Wash.2d 470, 392 P.2d 215 (1964)); *W. G. Platts, Inc. v. Pla*tts, 49 Wash.2d 203, 298 P.2d 1107 (1956); *In re Estate of Trierweile*r, 5 Wash.App. 17, 486 P.2d 314 (1971). This court is unclear whether it is applying a state or federal alter ego analysis.

In the instant case, Defendants' motion and this Court's December 5, 2017 Court Order relies on pleadings evidenced contained within the Court Record. On a motion to dismiss under Rule 12(b)(6) a trial court must accept as true all well pleaded facts in the complaint and construe them in the light most favorable to the nonmoving party." *Zadrozny v. B*ank of N.Y. Mellon, 720 F.3d 1163, 1167 (9th Cir. 2013) (*citations and internal quotation marks omitted*). ***A motion to dismiss is only granted when the movant demonstrates***

PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE DECEMBER 5, 2017 COURT ORDER GRANTING MOTION TO VACATE   PLAINTIFF'S RULE B ATTACHMENT AND DISMISSING ALL NAMED DEFENDANTS - PAGE 5 OF 10



CHUNG, MALHAS & MANTEL, PLLC
1511 Third Avenue, Suite 1088
Seattle, Washington 98101
Phone: (206) 264-8999  ♦  Facsimile (206) 264-9098

***"beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief***." *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). If however the court considers matters outside the pleadings, it must convert the motion to one for summary judgment and provide all parties a reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

As matters have been referenced outside the pleadings, the pending motion to dismiss under 12 (b) 6 should have been converted to a Motion for Summary Judgment. The issue of alter ego is a disputed issue of material fact requiring a trial. **In the Complaint, Plaintiff alleges Fraud. Many district Courts "do not require proof of actual fraud as a prerequisite for piercing the corporate veil.** *See*, *Trs. of the Nat'l Elevator Indus. Pension, Health Benefit & Educ. Funds v.Lutyk*, 332 F.3d 188, 194 (3d Cir. 2003). Moreover, "no single factor could justify a decision to disregard the corporate entity, but ... some combination of them [is] required, and ... an overall element of injustice or unfairness must always be present . . .. " *United States v. Golden Acres, Inc.*, 702 F. Supp. 1097, 1104 (D. Del. 1988). Captain Chen's Declaration (DCK#38) more than provides all the foundational evidence required to deny a 12 (b) 6 motion.

The following are some examples that reveal these companies, in there maze of corporate structuring, show that they are not distinct legal entities and that the purpose is to confuse and cloud fact that they are:

(1) M/V COSCO Taicang was "Group Owned" by one the named Defendants (China COSCO Shipping Line Co. Ltd.), COSCO Atlantic, amounting to commingling of personal property;

(2) Named Defendant COSCO Shipping Lines Co., Ltd is the parent company of COSCO Atlantic and COSCO Atlantic is owned also by China COSCO Shipping Lines Co. , Ltd;

(3) COSCO Atlantic shares corporate officers and offices with named Defendants;

(4) COSCO Atlantic and M/V COSCO Taicang, commingle intangible personal property. For example the tradename COSCO is registered with the USPTO office as a maritime tradename owned by China COSCO Shipping Line Co. Ltd.

PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE DECEMBER 5, 2017 COURT ORDER GRANTING MOTION TO VACATE PLAINTIFF'S RULE B ATTACHMENT AND DISMISSING ALL NAMED DEFENDANTS - PAGE 6 OF 10

CHUNG, MALHAS & MANTEL, PLLC
1511 Third Avenue, Suite 1088
Seattle, Washington 98101
Phone: (206) 264-8999 ♦ Facsimile (206) 264-9098

Alter ego has been alleged and pled in Plaintiff's Second Amended Verified Complaint. *See*, Dck# 56. Rule B allows a district court to take jurisdiction over a defendant in an admiralty or maritime action by attaching property of the defendant." The rule has two purposes: "to secure a respondent's appearance and to assure satisfaction in case the suit is successful. The Supreme Court approved of maritime attachment in *Manro v. Almeida*, 23 U.S. (10 Wheat) 473 (1825), Although the Court did not define what constitutes attachable property, it quoted "a book of respectable authority" which states that goods or ships may be attached in the hands of the owner ***or in the hands of "all others who claim any right or title to them***." Id. at 491–92 (quoting Hall, CLERKE'S PRAXIS part 2, tit. 28; emphasis added. More than one hundred years later, in *Kingston Dry Dock Co. v. Lake Champlain Transportation C*o., 31 F.2d 265, 267 (2d. Cir. 1929), Judge Learned Hand, writing for the Second Circuit, applied Rule B's precursor and held that a conditional buyer's "conditional right to title" constituted an attachable interest. There, the plaintiff attached two canal boats possessed by the defendant, a conditional buyer. The defendant had contracted for the construction and sale of the boats and had taken possession of them. The contract, however, reserved title to the seller until it received final payment and the defendant had not made payment at the time of attachment. On this basis, the defendant sought to vacate the writ of attachment. Recognizing that possession "is historically the original source of all title," Judge Hand warned that "[i]t would be curious if possession, coupled with a conditional right to title, could now be thought insufficient to support a seizure. Accordingly, that court declined to vacate the attachment.

Several district courts have found an attachable property interest under Rule B when the defendant's interest does not rise to ownership. For example, in *World Fuel Services, Inc. v. SE Shipping Lines Pte*., Ltd., the district court upheld an attachment of fuel bunkers in the possession of the defendant. Although the defendant had not acquired title to the bunkers, the district court upheld the attachment because the defendant had the right to possess the bunkers, use the bunkers, and sell the bunkers. Similarly, the district court in Alaska

PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE DECEMBER 5, 2017 COURT ORDER GRANTING MOTION TO VACATE   PLAINTIFF'S RULE B ATTACHMENT AND DISMISSING ALL NAMED DEFENDANTS - PAGE 7 OF 10



CHUNG, MALHAS & MANTEL, PLLC
1511 Third Avenue, Suite 1088
Seattle, Washington 98101
Phone: (206) 264-8999  ♦  Facsimile (206) 264-9098

*Reefer Management LLC v. Network Shipping Ltd.* stated that "Rule B provides for a broad definition of property and does not require actual ownership or title." 68 F. Supp. 3d 383, 386–87 (S.D.N.Y. 2014). That district court held that an attachable interest exists under Rule B when the "assets are being held 'for the benefit of' the Defendant or 'in its name.'

Simply put, COSCO Atlantic arguments on ownership and its admission on a charter with COSCO Shipping Line, a company that it is technically owned by, does not provide grounds to vacate under Supplemental Maritime Rule E (4) f. As stated above and will not reiterated again, COSCO Atlantic has direct link to the named Defendants.

**C. Rule B Maritime Service and This Court's Reconsideration of its Dismissal of all Named Defendants.**

This Court, when addressing service of other Defendants must reconsider that Rule B provides a method for substituted service of process of *in persona*m lawsuits by attaching property belonging to a defendant who cannot be served by conventional methods within the district in which the action is pending. It also provides the practical benefit of obtaining security for prejudgment satisfaction of in personam claims. The procedure is frequently referred to as foreign attachment. It is said that this maritime attachment provides a "*quasi in rem*" method of obtaining jurisdiction over a defendant not present in the district but who has property present. There are two reasons for foreign attachment: "to secure a respondent's appearance and to assure satisfaction in case the suit is successful." *Swift & Co. Packers v. Compania Colombiana del Caribe*, S.A., 339 U.S. 684, 693, 70 S.Ct. 861, 94 L.Ed. 1206 (1950), 19 A.L.R.2d 630.

***If a lawsuit is based on admiralty and maritime claims, service of process of an in personam claim may be made by attaching property belonging to the defendant when the defendant cannot be found within the district in which the lawsuit was commenced for the purposes of service under Rule 4 of the Federal Rules of Civil Procedure***. The plaintiff must show by verified complaint and affidavit that (1) the plaintiff has an in personam claim against the defendant cognizable in admiralty; (2) the defendant cannot be found within

PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE DECEMBER 5, 2017 COURT ORDER GRANTING MOTION TO VACATE   PLAINTIFF'S RULE B ATTACHMENT AND DISMISSING ALL NAMED DEFENDANTS - PAGE 8 OF 10



CHUNG, MALHAS & MANTEL, PLLC
1511 Third Avenue, Suite 1088
Seattle, Washington 98101
Phone: (206) 264-8999  ♦  Facsimile: (206) 264-9098

the district in which the action was commenced; (3) the property belonging to the defendant is present or soon will be present in the district; and (4) there is no statutory or general maritime law prohibition on attachment. *Dannebrog Rederi AS v. M/Y True Dream*, 146 F.Supp.2d 1307 (S.D. Fla. 2001).

## VII.  CONCLUSION

WHEREFORE, Plaintiff prays for an Order granting Plaintiff's Motion for Reconsideration wherein COSCO Atlantic's and COSCO Shipping Line Co. LtdMotion for Vactur is denied and the December 5, 2017 order is reversed.

*Respectfully submitted this 19th day of December 2017*

CHUNG, MALHAS &MANTEL, PLLC:

/s/ Edward Chung
Edward C. Chung, WSBA# 34292
Attorney for Plaintiff

PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE DECEMBER 5, 2017 COURT ORDER GRANTING MOTION TO VACATE PLAINTIFF'S RULE B ATTACHMENT AND DISMISSING ALL NAMED DEFENDANTS - PAGE 9 OF 10

CHUNG, MALHAS & MANTEL, PLLC
1511 Third Avenue, Suite 1088
Seattle, Washington 98101
Phone: (206) 264-8999   ♦   Facsimile: (206) 264-9098

**CERTIFICATE OF SERVICE**

I, Edward C. Chung, hereby certify that I am the attorney of record for the Plaintiff in the above en-caption matter, that I am not a party to the action, and that I am of such age and discretion to be competent to serve papers. On December 19, 2017, I declare under penalty of perjury under the laws of the State of Washington that I electronically filed the foregoing with the Clerk of the Court using CM/ECF system, which will send notification of such filing to Special Claimant, COSCO Atlantic Shipping Line Limited, counsel of record.

Date this 19th day of December, 2017

/s/ Edward C. Chung
Edward C. Chung, WSBA# 34292
Attorney for Plaintiff

PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE DECEMBER 5, 2017 COURT ORDER GRANTING MOTION TO VACATE PLAINTIFF'S RULE B ATTACHMENT AND DISMISSING ALL NAMED DEFENDANTS - PAGE 10 OF 10

CHUNG, MALHAS & MANTEL, PLLC
1511 Third Avenue, Suite 1088
Seattle, Washington 98101
Phone: (206) 264-8999 ♦ Facsimile: (206) 264-9098