THE HONORABLE MARSHA J. PECHMAN

**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON (SEATTLE) IN ADMIRALTY**

G.O. AMERICA SHIPPING COMPANY, INC., a corporation registered in the Republic of the Marshall Islands,

Plaintiff,

v.

CHINA COSCO SHIPPING CORPORATION LIMITED, a foreign company registered in the People Republic of China and not within the District of the State of Washington; and

COSCO SHIPPING LINES CO, Ltd. a foreign company and subsidiary of CHINA COSCO SHIPPING CORPORATION LIMITED and not within the District of the State of Washington; and

CHINA SHIPPING INDUSTRY, (Shanghai Changxing) Co. Ltd., a foreign company and subsidiary of CHINA COSCO SHIPPING CORPORATION LIMITED and not within the District of the State of Washington; and

COSCO SHIPPING HEAVY INDUSTRY CO., foreign company and subsidiary of CHINA COSCO SHIPPING CORPORATION LIMITED and not within the District of the State of Washington; and

COSCO ATLANTIC SHIPPING LTD., a foreign company and subsidiary of CHINA COSCO

Case No. 2:17-cv-00912-RSM

PLAINTIFF'S OBJECTIONS TO DEFENDANTS' COSCO ATLANTIC'S AND COSCO SHIPPING LINES, INC'S BILL FOR COSTS

HEARING SET FOR DECEMBER 29, 2017





CHUNG, MALHAS & MANTEL, PLLC
1511 Third Avenue, Suite 1088
Seattle, Washington 98101
Phone: (206) 264-8999 ♦ Facsimile (206) 264-9098

SHIPPING CORPORATION LIMITED and not within the District of the State of Washington; and

SHANGHAI OCEAN SHIPPING CO., a foreign company and subsidiary of CHINA COSCO SHIPPING CORPORATION LIMITED and not within the District of the State of Washington; and

COSCO INDIAN OCEAN SHIPPING LTD., subsidiaries of CHINA COSCO SHIPPING CORPORATION LIMITED; and not within the District of the State of Washington; and

COSCO OCEANIA SHIPPING LIMITED., subsidiaries of CHINA COSCO SHIPPING CORPORATION LIMITED; and not within the District of the State of Washington; and

COSCO CONTAINER LINE rename COSCO SHIPPING LINE LTD., subsidiaries of CHINA COSCO SHIPPING and not within the District of the State of Washington,

Defendant(s)

**TO:** The United States District Court Clerk's Office; and
**TO:** Defendants

## I. INTRODUCTION AND RELIEF REQUESTED

**COMES NOW,** the Plaintiff, G.O. America Shipping Company, Inc. (hereinafter referred to as "Plaintiff), by and through its attorney of record Edward C. Chung, and the law firm of CHUNG, MALHAS & MANTEL, PLLC, and respectfully submits to this Court Plaintiff's Objection to COSCO Atlantic and COSCO Shipping Lines, Inc.'s Bill of Cost. Per this Court's December 5, 2017 Court Order, Defendants bill of costs should be denied because this Court has already denied all prior motions made by Defendants, including a Motion to Increase Bond Amount. *See*, Dck#80. That said, Plaintiff has filed a Motion for Reconsideration on December 19, 2017. At present, the Court has ordered Defendants to provide a Response by **January 4, 2018** to Plaintiff's December 19, 2017 Motion for Reconsideration. Accordingly, this Court should defer ruling to assess whether final judgment will be vacated. Should this Court provide a ruling on taxable costs, Plaintiff makes the following objections:



CHUNG, MALHAS & MANTEL, PLLC
1511 Third Avenue, Suite 1088
Seattle, Washington 98101
Phone: (206) 264-8999 ♦ Facsimile (206) 264-9098

## II. PLAINTIFF'S OBJECTIONS

- **OBJECTION NO. 1 - (December 5, 2017 Court Order Has Barred Defendant's Bill of Cost):** The Court's December 5, 2017 Court Order Has Already Denied all of Defendants Prior Motions, Including the Motion for Increase Bond. A Claim for Costs, ***if*** applicable, is Limited to the Bond Amount the Court Ordered Plaintiff to Post; in this case **$500.00**. *See*, Dck#49.

- **OBJECTION NO. 2 – (Judgment is NOT Final):** The Court should deny ruling on any taxable costs. At present, the Court has ordered Defendants to provide a Response by **January 4, 2018** to Plaintiff's December 19, 2017 Motion for Reconsideration. A pending order to vacate the judgment is viable. Accordingly, it is not judicially ripe for any award on costs be made until there is a final judgment, with no further possibility of an appeal. *See*, LCR 54.

- **OBJECTION NO. 3 – (Rule B Relates to Whether Rule B Attachment Will be Applicable; *not* Costs):** Under Rule B, a maritime attachment of property is the sole issue before the Court; thus dismissal of Defendants does not equate to defendants being a prevailing party wherein costs may be awarded. Again, Defendants herein remain potentially liable to plaintiff in foreign arbitration and therefore are not the prevailing party. plaintiff's initiated a maritime attachment pursuant to rule b for certain admiralty and maritime claims of the federal rules of civil procedure; this is ***not*** a rule c arrest of ship. Under that provision, the court is allowed to attach a defendant's property up to the value of the suit. Although these claims are filed during *in personam* actions, they are *in rem* in nature, as the Court is attaching property to the suit. This has been described as a remedy "*quasi in rem.*" Attachment may extend to a co-defendant or a third party, and can include guarantors and alter egos of the original vessel owner. Where the underlying claim is subject to foreign law and will be litigated or arbitrated in a foreign proceeding, federal maritime law governs whether Rule B attachment will be applicable; not issues related to costs. In the instant case, this matter has not been fully litigated and it is not ripe to award any costs.

- **OBJECTION NO. 4 – (Premium is NOT Recoverable under 28 U.S.C. §§ 1920, 1921, 1923, 1927, or 2412 as a Taxable Cost) *See*,** LCR 54 3 (d). Defendants have not identified or provided any foundation that the premium they allegedly paid was non-refundable. More importantly under LCR 54 3 (d) costs not identified all costs shall be taxed in accordance with 28 U.S.C. §§ 1920, 1921, 1923, 1927, and 2412. The premium payment made does not comport with any of these statutes

- **OBJECTION NO. 5 – (The July 6, 2017, Court Order on Bond was to Aspen American Insurance Company, not International Sureties, Ltd.*). The July 6, 2017 Court Order was to Aspen Insurance Company, not International Sureties, Ltd.*** Thus, under LCR 54, to the extent an alleged premium is owed; it is not in conformity with this Court's July 6, 2017 **court order** and may not be awarded as a taxable cost. Moreover, the ship was released by the Court. The fact that the whole $90,000.00 premium was not released is ***not*** a reasonable costs under LCR 54 (3) nor under maritime bonds. Plaintiff should not be obligated to pays any costs that is not reasonable. Not returning any portion of a bond premium is not reasonable. Again, COSCO Atlantic is not a "prevailing party". It is not a party, based on it own legal arguments. This is a Rule B in personam attachment proceeding, there is no lawsuit pending in Washington State. The "costs" of a premium payment by COSCO Atlantic is not for this Court to award or impose as a cost. Again, COSCO Atlantic has not initiated any separate legal action and it is not a party to these proceedings at this time. In addition to the foregoing, Plaintiff is concerned that the bond attached to COSCO Atlantic's release was with Aspen Insurance (See,





CHUNG, MALHAS & MANTEL, PLLC
1511 Third Avenue, Suite 1088
Seattle, Washington 98101
Phone: (206) 264-8999 ♦ Facsimile (206) 264-9098

Dck#30). Neither the Court nor Plaintiff have been advised, until now, who International Sureties, Ltd. is. This is an alleged document that someone paid $90,000.00 (USD). There is no proof of payment, no declaration made that this was in fact paid, nor who International Sureties, LTD. is.

## VII. CONCLUSION

***WHEREFORE,*** Plaintiff prays for an Order denying COSCO Atlantic and COSCO Shipping Lines, Inc's Bill of Costs.

*Respectfully submitted this 26th day of December 2017*

**CHUNG, MALHAS &MANTEL, PLLC:**

/s/ Edward Chung
Edward C. Chung, WSBA# 34292
Attorney for Plaintiff, G.O. America





CHUNG, MALHAS & MANTEL, PLLC
1511 Third Avenue, Suite 1088
Seattle, Washington 98101
Phone: (206) 264-8999 ♦ Facsimile (206) 264-9098

**CERTIFICATE OF SERVICE**

*I, Edward C. Chung, hereby certify that I am the attorney of record for the Plaintiff in the above en-caption matter, that I am not a party to the action, and that I am of such age and discretion to be competent to serve papers. On December 26, 2017, I declare under penalty of perjury under the laws of the State of Washington that I electronically filed the foregoing with the Clerk of the Court using CM/ECF system, which will send notification of such filing to Special Claimant, COSCO Atlantic Shipping Line Limited, counsel of record.*

*Date this 26th day of December, 2017*

/s/ Edward C. Chung
Edward C. Chung, WSBA# 34292
Attorney for Plaintiff





CHUNG, MALHAS & MANTEL, PLLC
1511 Third Avenue, Suite 1088
Seattle, Washington 98101
Phone: (206) 264-8999 ♦ Facsimile (206) 264-9098