The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| G.O. AMERICA SHIPPING COMPANY, INC., a corporation registered in the Republic of the Marshall Islands,<br><br>                                   Plaintiff,<br><br>       vs.<br><br>CHINA COSCO SHIPPING CORPORATION LIMITED, a foreign company registered in the People Republic of China and not within the District of the State of Washington; and<br><br>COSCO SHIPPING LINES CO, Ltd. a foreign company and subsidiary of CHINA COSCO SHIPPING CORPORATION LIMITED and not within the District of the State of Washington; and<br><br>CHINA SHIPPING INDUSTRY, (Shanghai Changxing) Co. Ltd., a foreign company and subsidiary of CHINA COSCO SHIPPING CORPORATION LIMITED and not within the District of the State of Washington; and<br><br>COSCO SHIPPING HEAVY INDUSTRY CO., foreign company and subsidiary of CHINA COSCO SHIPPING CORPORATION LIMITED and not within the District of the State of Washington; and<br><br>COSCO ATLANTIC SHIPPING LTD., a foreign company and subsidiary of CHINA COSCO | IN ADMIRALTY<br><br>Case No. 2:17-cv-00912-RSM<br><br>**REPLY IN SUPPORT OF BILL OF COSTS** |

Case No.: 2:17-CV-00912-RSM
REPLY IN SUPPORT OF BILL OF COSTS - 1

| | |
|---|---|
| SHIPPING CORPORATION LIMITED and not within the District of the State of Washington; and | ) ) ) |
| SHANGHAI OCEAN SHIPPING CO., a foreign company and subsidiary of CHINA COSCO SHIPPING CORPORATION LIMITED and not within the District of the State of Washington; and | ) ) ) ) ) ) |
| COSCO INDIAN OCEAN SHIPPING LTD., subsidiaries of CHINA COSCO SHIPPING CORPORATION LIMITED; and not within the District of the State of Washington; and | ) ) ) ) ) |
| COSCO OCEANIA SHIPPING LIMITED., subsidiaries of CHINA COSCO SHIPPING CORPORATION LIMITED; and not within the District of the State of Washington; and | ) ) ) ) ) |
| COSCO CONTAINER LINE rename COSCO SHIPPING LINE LTD., subsidiaries of CHINA COSCO SHIPPING and not within the District of the State of Washington, | ) ) ) ) ) |
| Defendants. | ) |

## I. REPLY

Plaintiff does not dispute that the Court ordered Defendants to post a $6,000,000 bond in order to secure the release of the COSCO TAICANG, which Plaintiff attached on an *ex parte* basis pursuant to Supplemental Admiralty Rule B. ECF No. 30. Plaintiff does not dispute the Declaration of Conway Marshall, showing that Defendants paid $90,000 in premium in order to post the bond as ordered by the Court, that the amount paid was reasonable and arguably even a low rate for such a large bond, and that the premium is non-refundable. ECF No. 60. Plaintiff does not dispute that the Court ultimately vacated the attachment, exonerated the bond, and dismissed Plaintiff's Second Amended Complaint with prejudice. ECF Nos. 52 and 80. Finally, Plaintiff does not dispute that the Court entered judgment in Defendants' favor. ECF No. 81.

Plaintiff raises a number of frivolous arguments in an effort to avoid the costs of its ill-fated attachment, none of which has any merit. First, Plaintiff argues that costs should be disallowed "because this Court has already denied all prior motions made by Defendants." ECF

Case No.: 2:17-CV-00912-RSM
REPLY IN SUPPORT OF BILL OF COSTS - 2

KEESAL, YOUNG & LOGAN
1301 FIFTH AVENUE, SUITE 3100
SEATTLE, WASHINGTON 98101
(206) 622-3790

No. 85 at 2:26.  The record speaks for itself.  Plaintiff's claims were dismissed with prejudice.  ECF No. 81.  Thus, Defendants are indisputably the prevailing party and the judgment is final.

The novel assertion that Defendants' recoverable costs are somehow capped by the $500 bond Plaintiff posted for costs is pure fantasy.  As the prevailing party, Defendants are entitled to recover their actual costs.  No case law or court rule limits Defendants' costs to amounts previously posted as security.  *See* LCR 54(d)(1)-(3).  The Court denied Defendants' prior motion for an additional $90,000 in security as moot only because it simultaneously granted their motion to dismiss and vacate, with prejudice.  ECF No. 80, 2:5-8.  Judgment was entered the same day, clearing the way for Defendants to file their cost bill and rendering the need for further security for costs moot.  The motion for increased security for eventual costs was not denied on the merits, as Plaintiff improperly suggests.

With no citation to authority, Plaintiff next argues that Defendants' right to reimbursement of costs should be denied because Plaintiff filed a motion for reconsideration of the Court's order dismissing its claims.  The rules do not permit denial of costs on that basis.  LCR 7(h)(2) expressly provides that "[t]he pendency of a motion for reconsideration shall not stay . . . any other procedure," which would include taxation of costs under Fed. R. Civ. P. 54.  Plaintiff cites no authority to the contrary.[1]  The existence of a motion for reconsideration is not a valid ground to deny or delay taxation of costs.

Plaintiff's third objection is largely nonsensical.  Plaintiff appears to argue that "this matter has not been fully litigated" because the underlying claims against the shipyard in China that gave rise to Plaintiff's wrongful attachment have not yet been adjudicated (or even filed) in China.  Plaintiff argues that because Defendants have not prevailed on these non-asserted claims in China, they cannot be the prevailing parties in this matter.  This argument lacks any merit.  As Plaintiff concedes, the only issue in this case was whether Plaintiff had the right to attach

---

[1] It merits noting that the costs at issue relate to the attachment of the COSCO TAICANG, which was vacated by Order dated July 14, 2017. ECF No. 52. Plaintiff's subsequent motion for reconsideration of that order was denied summarily. ECF Nos. 57, 63. Plaintiff's current motion for reconsideration relates to dismissal and vacatur of the remaining portion of the writ with respect to the attachment of other vessels, unrelated to the bond at issue.

Case No.: 2:17-CV-00912-RSM
REPLY IN SUPPORT OF BILL OF COSTS - 3

KEESAL, YOUNG & LOGAN
1301 FIFTH AVENUE, SUITE 3100
SEATTLE, WASHINGTON 98101
(206) 622-3790

Defendants' property pursuant to Supplemental Admiralty Rule B. ECF No. 85 at 3:11 ("[A] maritime attachment of property is the sole issue before the Court"). The Court dismissed Plaintiff's attachment claim with prejudice. Whether Plaintiff ultimately pursues and prevails on different claims in China is a matter for the Chinese courts, and has nothing to do with the dismissal of Plaintiff's claims here. Defendants are the prevailing parties as to the claims presented in the present lawsuit.

Plaintiff next objects that the bond premium is improper because it is not expressly listed as a recoverable cost under LCR 54(d)(3)(D) ("All other costs shall be taxed in accordance with 28 U.S.C. §§ 1920, 1921, 1923, 1927, and 2412."). This argument is misguided. Plaintiff overlooks LCR 54(d)(3)(B), which expressly permits the taxation of bond premiums:

> In taxing costs, the following rules shall be observed:
>
> . . .
>
> (B) Reasonable premiums paid on undertakings or bonds or security stipulations shall be allowed where the same have been furnished by reason of express requirement of law, rule, or court order.

The Court ordered Defendants to post a $6,000,000 bond (ECF No. 30) and Plaintiff submitted *no evidence* contesting Mr. Marshall's declaration establishing that Defendants paid the $90,000 premium, the amount was reasonable, and it is non-refundable.

Finally, Plaintiff argues that the bond was improper because the Court order directing the bond specified Aspen American Insurance Company as the surety, and Plaintiff cannot understand why the premium payment was made to International Sureties. Plaintiff has already unsuccessfully made this argument to the Court. *See e.g.,* ECF No. 58. As set forth in the Marshall Declaration (ECF No. 60), which Plaintiff apparently never read, International Sureties is a bond broker and arranged for the bond to be placed with Aspen. *Id.* at ¶ 5. The premium for the $6,000,000 bond was 1.5%, which in Mr. Marhsall's experience is a "low rate for such a large bond." *Id.* at ¶ 6. Defendants paid the premium on July 6, 2017, via International Sureties. *Id.* Although the bond itself was ultimately exonerated when the Court vacated Plaintiff's attachment, the premium charged for undertaking the risk of posting the large bond is a non-refundable cost. *Id.* at ¶ 7.

Case No.: 2:17-CV-00912-RSM
REPLY IN SUPPORT OF BILL OF COSTS - 4

KEESAL, YOUNG & LOGAN
1301 FIFTH AVENUE, SUITE 3100
SEATTLE, WASHINGTON 98101
(206) 622-3790

## II.     CONCLUSION

Defendants seek reimbursement for the $90,000 they paid in order to post the bond ordered by the Court.  This cost is expressly permitted by LCR 54(d)(3)(B).  For the foregoing reasons, Defendants respectfully request that the Court tax the costs of the premium paid on the court ordered bond to Plaintiff.

DATED this 29th day of December, 2017.

/s/ Philip R. Lempriere
Philip R. Lempriere, WSBA No. 20304
Molly J. Henry, WSBA No. 40818
Attorneys for Defendants COSCO Atlantic Shipping Ltd. and COSCO SHIPPING Lines Co., Ltd.
Keesal, Young & Logan
1301 Fifth Avenue, Suite 3100
Seattle, Washington  98101
Telephone:     (206) 622-3790
Facsimile:      (206) 343-9529
*E mail:*         philip.lempriere@kyl.com
                      molly.henry@kyl.com

Case No.:  2:17-CV-00912-RSM
REPLY IN SUPPORT OF BILL OF COSTS - 5

KEESAL, YOUNG & LOGAN
1301 FIFTH AVENUE, SUITE 3100
SEATTLE, WASHINGTON  98101
(206) 622-3790

**CERTIFICATE OF SERVICE**

I hereby certify that on the date given below, I electronically filed the foregoing REPLY IN SUPPORT OF BILL OF COSTS with the Clerk of the Court using the CM/ECF system which will send electronic notification of such filing to the following persons:

Edward C. Chung, Esq.
Chung, Malhas & Mantel, PLLC
1511 Third Avenue, Suite 1088
Seattle, WA  98101
Attorneys for Plaintiff G.O. America Shipping Company, Inc.

DATED this 29th day of December, 2017, at Seattle, Washington.

*/s/ Hillary Poole*
_____
Hillary R. Poole

KYL4810-4170-0697.1

Case No.:  2:17-CV-00912-RSM
REPLY IN SUPPORT OF BILL OF COSTS - 6

KEESAL, YOUNG & LOGAN
1301 FIFTH AVENUE, SUITE 3100
SEATTLE, WASHINGTON  98101
(206) 622-3790