**The Honorable Marsha J. Pechman**

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| G.O. AMERICA SHIPPING COMPANY, INC., a corporation registered in the Republic of the Marshall Islands,<br><br>Plaintiff,<br><br>vs.<br><br>CHINA COSCO SHIPPING CORPORATION LIMITED, a foreign company registered in the People Republic of China and not within the District of the State of Washington; and<br><br>COSCO SHIPPING LINES CO, Ltd. a foreign company and subsidiary of CHINA COSCO SHIPPING CORPORATION LIMITED and not within the District of the State of Washington; and<br><br>CHINA SHIPPING INDUSTRY, (Shanghai Changxing) Co. Ltd., a foreign company and subsidiary of CHINA COSCO SHIPPING CORPORATION LIMITED and not within the District of the State of Washington; and<br><br>COSCO SHIPPING HEAVY INDUSTRY CO., foreign company and subsidiary of CHINA COSCO SHIPPING CORPORATION LIMITED and not within the District of the State of Washington; and<br><br>COSCO ATLANTIC SHIPPING LTD., a foreign company and subsidiary of CHINA COSCO | IN ADMIRALTY<br><br>Case No. 2:17-cv-00912-RSM<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR RECONSIDERATION** |

Case No.: 2:17-CV-00912-RSM
DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR RECONSIDERATION - 1

KEESAL, YOUNG & LOGAN
1301 FIFTH AVENUE, SUITE 3100
SEATTLE, WASHINGTON 98101
(206) 622-3790

| | |
|---|---|
| SHIPPING CORPORATION LIMITED and not within the District of the State of Washington; and | )<br>)<br>) |
| SHANGHAI OCEAN SHIPPING CO., a foreign company and subsidiary of CHINA COSCO SHIPPING CORPORATION LIMITED and not within the District of the State of Washington; and | )<br>)<br>)<br>)<br>) |
| COSCO INDIAN OCEAN SHIPPING LTD., subsidiaries of CHINA COSCO SHIPPING CORPORATION LIMITED; and not within the District of the State of Washington; and | )<br>)<br>)<br>) |
| COSCO OCEANIA SHIPPING LIMITED., subsidiaries of CHINA COSCO SHIPPING CORPORATION LIMITED; and not within the District of the State of Washington; and | )<br>)<br>)<br>) |
| COSCO CONTAINER LINE rename COSCO SHIPPING LINE LTD., subsidiaries of CHINA COSCO SHIPPING and not within the District of the State of Washington, | )<br>)<br>)<br>) |
| Defendants. | ) |

## I. INTRODUCTION

Plaintiff's Motion for Reconsideration (ECF No. 83) is a confusing rehash of the mishmash it has been peddling since day one. The motion cites no new facts or law that could not have been cited in previous motion practice, and identifies no manifest error in the Court's Order (ECF No. 80), and thus must be denied. Most fundamentally, the motion is devoid of any argument or evidence that the parent company or Shipping Defendants are alter egos of the shipyard in China with which Plaintiff has a dispute. Plaintiff's sole argument, which the Court appropriately rejected as legally invalid, is that Plaintiff can invoke process of attachment under Rule B to seize the property of *any* subsidiary of a parent company if Plaintiff has a claim against any *other* subsidiary of the same parent. Neither law nor logic supports that argument. The Court must deny Plaintiff's Motion for Reconsideration.

Case No.: 2:17-CV-00912-RSM
DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR RECONSIDERATION - 2

KEESAL, YOUNG & LOGAN
1301 FIFTH AVENUE, SUITE 3100
SEATTLE, WASHINGTON 98101
(206) 622-3790

## II.  ARGUMENT

### A.  Standard for Motion for Reconsideration

Plaintiff fails to refer to the standard for a motion for reconsideration as mandated in Local Civil Rule 7(h)(1), which Judge Martinez previously articulated and applied in this case. ECF Nos. 62 and 63.  As stated in the local rule and by Judge Martinez, such motions are disfavored and should be denied absent new facts or law, or a "manifest error" in the Court's Order.  ECF No. 63, 2:1-4.

### B.  The Court Applied the Appropriate Motion to Dismiss Standard

Plaintiff contends that the Court should have applied the summary judgment standard because the Court considered evidence outside of the pleadings.  ECF No. 83, 6:6-8.  That is not correct.  Defendants' motion was brought in the alternative—a motion to dismiss under FRCP 12(b)(6), and a motion to vacate the writ of attachment under SAR E(4)(f).  The court relied only on Plaintiff's pleading, with any exhibits attached to it, to decide the motion to dismiss.  *Johnson v. Riverside Healthcare Sys.*, 534 F.3d 1116, 1121-22 (9th Cir. 2008).  Conversely, when considering the motion to vacate, the court considered any competent evidence put before it.

Defendants were careful to refer only to the pleadings, and not to other evidence, in arguing their Motion to Dismiss.  ECF No. 70, 8:14–15:18; ECF No. 78, 3:1–5:17.  Defendants expressly noted that their motion to dismiss was based solely on the pleadings, and that if the Court chose to consider the evidence submitted, it could consider the motion under a summary judgment standard.  ECF No. 78, 3:2-3 and n. 2.

The Court was similarly careful to distinguish between consideration of Plaintiff's allegations in the pleadings and consideration of the evidence that Plaintiff submitted in support of its response to the motion.  The Court stated the appropriate standard for a motion to dismiss. ECF No. 80, 4:2–20.  The Court then analyzed Plaintiff's allegations in its Second Amended Complaint ("SAC") and appropriately found that "Plaintiff's SAC is a textbook example of conclusory pleading." *Id.*, 6:2–4.  The Court painstakingly reviewed each of the alter ego allegations in Plaintiff's SAC and refuted, in detail, the adequacy of each of them to state a claim that survives a motion to dismiss. *Id.*, 6:6–8:10.  The Court concluded that "Plaintiff has failed

Case No.:  2:17-CV-00912-RSM
DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR RECONSIDERATION - 3

KEESAL, YOUNG & LOGAN
1301 FIFTH AVENUE, SUITE 3100
SEATTLE, WASHINGTON 98101
(206) 622-3790

1  to adequately allege facts upon which it is entitled to relief and the granting of Defendants'

2  FRCP 12(b)(6) is completely warranted." *Id.*, 10:10–11:5.

3        The Court acknowledged that Plaintiff's response to the motion referred to evidence not

4  included in the SAC. *Id.*, 8:11-12.[1]  The Court referenced that evidence in granting the motion

5  under Rule 12(b)(6) only to say that even if those facts had been pled—which they were not—

6  they could not state a viable claim for relief.  *See* ECF No. 80, 7:9–14 (explaining that Plaintiff's

7  arguments supporting its conclusory allegation of commingled assets are contained in its

8  briefing, not its complaint, and are inconclusive in any event), and 8:3–6 ("No facts are alleged

9  in the SAC to support [the allegation of common directors and officers]; the facts which Plaintiff

10 produces in its briefing do not even bear out this conclusion.").  Indeed, the Court acknowledged

11 that Plaintiff's attempt to cure its pleading deficiencies by submitting evidence in response to the

12 motion to dismiss was "fruitless," because Plaintiff failed to allege, submit, or even argue that

13 the Shipping Defendants controlled the Shipyard Defendants.  ECF No. 80:8-9.  In other words,

14 the claims failed under relaxed pleading standards and would stand no chance under more

15 rigorous summary judgment standards.  Plaintiff failed to state a claim, much less muster the

16 evidence to prove it.[2]

---

[1] Ironically, it was *Plaintiff* who provided evidence outside the pleadings in an attempt to defeat the 12(b)(6) motion, Defendants submitted no evidence in response.  ECF No. 83, 6:16-17 (citing Capt. Chen's declaration (ECF No. 38)).  No evidence outside the pleadings was necessary for the Court's consideration of the Rule 12(b)(6) Motion to Dismiss.

[2] At no time in this action has Plaintiff propounded discovery to any of the appearing Defendants.  The parties held the Fed. R. Civ. P., Rule 26(f) conference on October 5, 2017.  (Declaration of Philip Lempriere, ¶ 2).  Plaintiff had not propounded any requests for production prior to that time, even though Plaintiff filed suit on June 13, 2017.  Even after the 26(f) conference, Plaintiff propounded no written discovery and never sought any depositions.  *Id*. The Court entered Judgment in the case just two weeks before the deadline to serve written discovery requests, yet Plaintiff had given no indication that it intended to pursue evidence to support the conclusory allegations in its SAC.  *Id.*, ¶ 3.  Even if the Court treated the motion under the Rule 56 summary judgment standard, Plaintiff had no evidence to support its claims and had not lifted a finger to obtain any such evidence.

Case No.: 2:17-CV-00912-RSM
DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR RECONSIDERATION - 4

KEESAL, YOUNG & LOGAN
1301 FIFTH AVENUE, SUITE 3100
SEATTLE, WASHINGTON  98101
(206) 622-3790

### C. Issuance of Rule B Process of Attachment Does not Preclude a Motion to Dismiss

Plaintiff argues that the Court "has already conceded that Plaintiff has made a cognizable legal claim for its initial writ of attachment under Rule B," and questions how the Court can "make a complete 180 degree turn" and grant a motion to dismiss in light of the "section [in the SAC] specifically addressing alter ego." ECF No. 83, 5:8–12. But Plaintiff cites no authority that holds that merely because a court issues a Rule B writ of attachment based on *ex parte* proceedings before any other party has appeared, the responding party is somehow precluded from attacking the pleadings under Rule 12(b)(6). No such authority exists.

Numerous courts have gone on to dismiss cases under Rule 12(b)(6), after initially granting a writ of attachment under Rule B. *Vitol, S.A. v. Primerose Shipping Co.*, 708 F.3d 527, 543-48 (4th Cir. 2013) (affirming dismissal of alter ego claim for failure to state a claim even though the same allegations were enough to obtain Rule B writ of attachment); *Status Int'l S.A. v. M&D Mar.*, 994 F. Supp. 182, 186 (S.D.N.Y. 1998) (granting motion to dismiss for failure to allege sufficient facts to support alter ego claim even though plaintiff obtained *ex parte* writ of attachment under Rule B based on the same conclusory allegations); *Arctic Ocean Int'l v. High Seas Shipping, Ltd.*, 622 F. Supp. 2d 46, 53-55 (S.D.N.Y. 2009)(complaint reciting boilerplace alter ego allegations does not provide sufficient facts to support Supplemental Admiralty Rule E(2)(a)'s heightened pleading standard); *Dolco Invs., Ltd. v. Moonriver Dev., Ltd.*, 486 F. Supp. 2d 261, 270-72 (S.D.N.Y. 2007)(same).   For the reasons stated in the Court's Order, Plaintiff's SAC fails the basic threshold test of rising above the speculative level to assert a conceivably plausible claim and for that reason was properly dismissed. *Vitol*, 708 F.3d at 543, *citing Bell Atl.Corp. v. Twombly*, 559 U.S. 544, 555, 570 (2007).

### D. Judge Martinez Twice Rejected Plaintiff's "Attachable Interest" Argument and Plaintiff Never Asserted It In Response to Defendants' Motion to Dismiss and/or to Vacate

Plaintiff's Motion for Reconsideration contains an argument concerning the meaning of an "attachable interest" it has made verbatim thrice before in this action, but notably ***not*** in its briefing on the motion for which Plaintiff now seeks reconsideration. ECF No. 83, 7:2–8:10.

Case No.: 2:17-CV-00912-RSM
DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR RECONSIDERATION - 5

KEESAL, YOUNG & LOGAN
1301 FIFTH AVENUE, SUITE 3100
SEATTLE, WASHINGTON 98101
(206) 622-3790

1  Plaintiff made the identical argument in its response and amended response to an earlier motion
2  to vacate the writ of attachment issued herein.  ECF No. 33, 7:7–8:15, ECF No. 39, 7:7–8:15.
3  Judge Martinez rejected that argument in his Order vacating the Rule B attachment of the M/V
4  COSCO TAICANG.  ECF No. 52, 6:21–7:3.  Plaintiff made the same argument again in an
5  earlier Motion for Reconsideration of Judge Martinez's Order vacating the attachment.  ECF No.
6  57, 6:19–7:27.  Judge Martinez summarily rejected it again in his Order Denying Plaintiff's
7  Motion for Reconsideration.   ECF No. 63.

8        Plaintiff copies and pastes the same argument again in its current Motion for
9  Reconsideration.  ECF No. 83, 7:2–8:10.  But nowhere in Plaintiff's Response to the Motion to
10 Dismiss and/or To Vacate Rule B Attachment does Plaintiff raise the "attachable interest"
11 argument.  ECF No. 77.  There are no new facts or law on this issue that Plaintiff could not have
12 provided with its Response to the Defendants' motion.  The Court committed no manifest error
13 on an argument that Plaintiff did not even raise in its Response.  Judge Martinez previously
14 considered the same argument, twice, and rejected it both times, the second of which was on
15 Plaintiff's earlier Motion for Reconsideration.  ECF No. 57 (Plaintiff's Motion for
16 Reconsideration) and ECF No. 63 (Judge Martinez's Order Denying Plaintiff's Motion for
17 Reconsideration).  There is simply no basis upon which Plaintiff can assert its "attachable
18 interest" argument at this stage of the proceedings.

19       For the reasons discussed in Defendant Atlantic Shipping's reply brief addressing this
20 issue back in July, there is no legal authority that allows for attachment under Rule B of a time
21 charterer's interest in a ship.  ECF No. 41, 3:25–4:20.  Ownership of the property to be attached
22 is a critical element to support a Rule B attachment.  *Shipping Corp. of India Ltd. v. Jaldi*
23 *Overseas Pte.*, 585 F.3d 58, 71 (2d Cir. 2009).  The cases Plaintiff cites are simply inapposite.

24       E.    **The Court Properly Dismissed the Entire Action Against All Defendants**

25       Plaintiff appears to contend that the Court erred in dismissing the lawsuit in its entirety
26 against all named Defendants.  ECF No. 83, 8:12–9:3.  But Plaintiff's argument merely describes
27 certain features of Rule B practice and procedure without ever reaching the facts and
28 circumstances of this care or how the Court allegedly erred here in dismissing the case.

Case No.: 2:17-CV-00912-RSM
DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR
RECONSIDERATION - 6

KEESAL, YOUNG & LOGAN
1301 FIFTH AVENUE, SUITE 3100
SEATTLE, WASHINGTON  98101
(206) 622-3790

District Courts have authority to *sua sponte* dismiss an action as to defendants who have not moved to dismiss but who are in a similar position to the moving defendants or where the claims against the nonmoving defendants are integrally related. *Silverton v. Dep't of Treasury*, 644 F.2d 1341, 1345 (9th Cir. 1981). The court can even order that dismissal without notice where it appears that the plaintiff is not entitled to the relief sought. *Omar v. Sea-Land Serv., Inc.*, 813 F.2d 896, 991 (9th Cir. 1987). The court's authority extends to *sua sponte* dismissal of defendants who have neither been served nor yet answered or appeared. *Columbia Steel Fabricators, Inc. v. Ahlstrom Recovery*, 44 F.3d 800, 802 (9th Cir. 1995).

As the Court explains in considerable detail in its Order, Plaintiff's claims are entirely dependent upon its ability to adequately plead alter ego liability of the Defendants. Plaintiff's claims must be dismissed because, as the Court succinctly put it, "[i]ts pleading of alter ego liability is conclusory, unsupported by adequate factual allegations and in any case is legally ineffective" because the alter ego liability asserted relates only to the Shipping Defendants, not to the Shipyard Defendants who allegedly directly harmed Plaintiff. ECF No. 80, 10:17–19. And that is based on the SAC, not Plaintiff's initial or even first amended pleading. On that record, the Court acted well within the scope of its authority to dismiss the entire action with prejudice.

To the extent this section of Plaintiff's Motion relates to personal jurisdiction and service of process, the discussion of Rule B's procedures does not apply to the issues raised by the Court's Order. It is beyond cavil that in an action involving application of Rule B, the court obtains jurisdiction over an otherwise absent defendant by seizing their property found within the district. Hence the saying that Rule B provides *quasi in rem* jurisdiction. So in order for a plaintiff to bring the defendants before the court, it must seize those defendants' property within the district, and if no such property is present here, then they must pursue their *in personam* claim in the traditional way with service of process under Rule 4.

Plaintiff here seized the M/V COSCO TAICANG under a Rule B writ of attachment. Judge Martinez vacated the writ as to that vessel and denied Plaintiff's Motion for Reconsideration of the Order vacating the writ. ECF Nos. 52 and 63. Now more than six

Case No.: 2:17-CV-00912-RSM
DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR RECONSIDERATION - 7

KEESAL, YOUNG & LOGAN
1301 FIFTH AVENUE, SUITE 3100
SEATTLE, WASHINGTON 98101
(206) 622-3790

1  months after initially filing suit, Plaintiff has seized no other property under that writ and has not
2  otherwise effected service of process upon any Defendant. Plaintiff's cryptic argument that the
3  Court must reconsider Rule B's method for substituted service of process simply makes no sense
4  given the current posture of the case. ECF No. 83, 8:12–9:3.

### F.  The Court Properly Vacated the Writ of Attachment

Plaintiff does not appear to directly address the analysis in the Court's Order finding that even if the Court did not dismiss Plaintiff's case outright, it would still vacate the existing writ of attachment. ECF No. 80, 11:6–19. Other than the previously rejected "attachable interest" argument that Plaintiff raises again here, it does not substantively address the Motion to Vacate part of Defendants' motion and makes only brief references to it in Plaintiff's Introduction and Conclusion. ECF No. 83, 2:29–30 and 9:9. Plaintiff thus again provides no new evidence or law that it could not have included in its response to the motion, and points to no error by the Court on this issue.

### III.  CONCLUSION

Plaintiff's Motion provides no new evidence or legal authority, and proves no manifest error in the Court's Order of December 5, 2017. The Court should deny the motion.

DATED this 2nd day of January, 2018.

/s/ Philip R. Lempriere
Philip R. Lempriere, WSBA No. 20304
Molly J. Henry, WSBA No. 40818
Attorneys for Defendants COSCO Atlantic Shipping Ltd. and COSCO SHIPPING Lines Co., Ltd.
Keesal, Young & Logan
1301 Fifth Avenue, Suite 3100
Seattle, Washington 98101
Telephone:  (206) 622-3790
Facsimile:  (206) 343-9529
E mail:  philip.lempriere@kyl.com
         molly.henry@kyl.com

Case No.: 2:17-CV-00912-RSM
DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR RECONSIDERATION - 8

KEESAL, YOUNG & LOGAN
1301 FIFTH AVENUE, SUITE 3100
SEATTLE, WASHINGTON 98101
(206) 622-3790

## **CERTIFICATE OF SERVICE**

I hereby certify that on the date given below, I electronically filed the foregoing DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR RECONSIDERATION with the Clerk of the Court using the CM/ECF system which will send electronic notification of such filing to the following persons:

Edward C. Chung, Esq.
Chung, Malhas & Mantel, PLLC
1511 Third Avenue, Suite 1088
Seattle, WA  98101
Attorneys for Plaintiff G.O. America Shipping Company, Inc.

DATED this 2nd day of January, 2018, at Seattle, Washington.

*/s/ Hillary Poole*
_____
Hillary R. Poole

KYL4846-8284-5785.1

Case No.:  2:17-CV-00912-RSM
DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR RECONSIDERATION - 9

KEESAL, YOUNG & LOGAN
1301 FIFTH AVENUE, SUITE 3100
SEATTLE, WASHINGTON  98101
(206) 622-3790