UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

G.O. AMERICA SHIPPING
COMPANY, INC.,

                    Plaintiff,

          v.

CHINA COSCO SHIPPING
CORPORATION LIMITED, et al.,

                    Defendants.

CASE NO. C17-912 MJP

ORDER ON MOTION FOR
RECONSIDERATION

The Court, having received and reviewed Plaintiff's Motion for Reconsideration (Dkt. No. 83), Defendants' Response to Plaintiff's Motion for Reconsideration (Dkt. No. 87), all attached declarations and exhibits, and relevant portions of the record, rules as follows:

IT IS ORDERED that the motion is GRANTED IN PART and DENIED IN PART. The Court will amend its previous judgment to reflect that the dismissal of claims against Defendants China Shipping Industry (Shanghai Changxing) Co. Ltd. and COSCO Shipping Heavy Industry Co., Ltd. ("the Shipyard Defendants") shall be without prejudice; the remainder of the motion is denied.

On December 5, 2017, this Court entered an order granting Defendants' motion to dismiss with prejudice and, alternatively, vacating the writ of attachment on the remaining two vessels previously arrested by order of this Court. (Dkt. No. 80.) The Court found that the alter ego liability theory on which Plaintiff's case rested had been inadequately plead and that (Plaintiff having been given previous chances to address the deficiencies in its pleadings) further amendment would be futile. The same inability to properly establish alter ego liability also dictated, as an alternative measure, vacatur of the attachment and/or arrest of the two vessels not previously released by order of this Court, and it was so ordered. Id. at 11-12.

Plaintiff filed a timely request for reconsideration of that order, assigning error to a number of rulings made by this Court. With the exception of suggesting that there was nothing to warrant dismissal with prejudice against the original Defendants (the Shipyard Defendants), the remainder of Plaintiff's objections are without merit.

Defendant characterizes the Court's ruling as "a 180 degree turn" from the Court's recognition of a cognizable legal claim represented in its initial writ of attachment under Rule B (see Dkt. No. 8), ignoring the fact that a writ of attachment is a preliminary ruling made upon an ex parte motion representing a finding that "the Plaintiff has a cause of action against the [Shipyard] Defendants" (id. at 2) – a statement which, while true, does not relieve Plaintiff of the requirement to satisfactorily plead that cause of action and confine its legal maneuverings to procedures justified by the level of proof they are able to adduce.[1]

Plaintiff also complains that (with two weeks remaining before the discovery deadline) it was "about to submit discovery" (Dkt. No. 83, Motion at 5), implying that the deficiencies noted

---

[1] The Court incorporates by reference the list of cases cited by Defendants in which courts have initially granted Rule B writs of attachment and then gone on to dismiss the case pursuant to FRCP 12(b)(6). (Dkt. No. 87, Reply at 5.) It is entirely permissible and unremarkable that this Court has done so.

by the Court in its pleadings would have been remedied by whatever evidence would have been produced by its discovery requests.  Ignoring for the moment the fact that Plaintiff had had six months prior to the Court's ruling to propound its discovery and had not issued a single request to any of the Defendants, the Court will simply point out that an FRCP 12(b)(6) motion is not dependent on the state of a plaintiff's discovery – the analysis is solely confined to the adequacy of Plaintiff's claims on the face of its pleadings (along with whatever evidence is attached to the complaint or may otherwise be properly considered by the Court).

The Court's analysis and ruling were based entirely on the insufficiency of the Plaintiff's allegations as reflected in its Second Amended Complaint.  The dismissal of Plaintiff's claims was not a comment on the state of its proof, it was a ruling on Plaintiff's failure "to adequately allege facts upon which it is entitled to relief."  (Order at 10-11.)  Plaintiff must properly plead its claims on the face of its complaint and is not permitted to "backfill" deficiencies in its pleadings with future discovery expeditions.

Plaintiff goes on to argue that, "[a]s matters have been referenced outside the pleadings, the pending motion to dismiss under 12 (b) 6 should have been converted to a Motion for Summary Judgment."  (Motion at 6.)  In the first place, such evidence as was produced outside the pleadings was produced by Plaintiff, not Defendants.  Second, that evidence was referenced by the Court only for purposes of pointing out that, even had the outside evidence introduced by Plaintiff been plead in its complaint (which it was not), it still would not have produced a viable claim for relief.  (Order at 7.)   The Court's 12(b)(6) analysis was confined to pleadings and the ruling was based solely on the failure of those pleadings to state a claim upon which relief could be granted.

Plaintiff devotes more than a page of argument to its position regarding the nature of "an attachable property interest under Rule B." (Motion at 7-8.) The Court is at a loss to understand what this portion of the briefing has to do with the order of dismissal of which Plaintiff complains. For one thing, this line of argument appears nowhere in Plaintiff's responsive briefing concerning Defendants' motion to dismiss and/or vacate the Rule B attachment. It formed no part of the Court's ruling and thus has no place in a motion for reconsideration of that ruling.

Additionally (based on the final paragraph of that section of Plaintiff's reconsideration briefing; *see* id. at 8:6-11), the "attachable interest" argument appears to be directed at Defendant COSCO Atlantic. The attachment of the vessel in which COSCO Atlantic had an interest (the M/V COSCO TAICANG) was released by a separate order in July of 2017. (Dkt. No. 52, Order Granting Motion to Vacate and Allowing Plaintiff to Amend Complaint.) This Court's order dismissing Plaintiff's claims had nothing to do with that previously-ordered release, and Plaintiff's "attachable interest" argument is thus inappropriate and irrelevant in a motion for reconsideration of the Court's December 5 order.

Plaintiff concludes its reconsideration with a section devoted to an argument about Rule B attachment and substituted service of process. (Motion at 8-9.) Again, the Court fails to see what this line of reasoning has to do with the order dismissing Plaintiff's claims, and Plaintiff makes no attempt that the Court can discern to connect its final section of argument to the issues raised by the complained-of order.

However, Plaintiff's raising of the issue of the dismissal with prejudice of all the named defendants in this matter has prompted reconsideration of the propriety of dismissing the original defendants ("the Shipyard Defendants") with prejudice. While Plaintiff has failed utterly in its

attempts to justify the joining of the Shipping Defendants on a theory of alter ego liability, that is

not to say that it does not have a colorable claim against the entities allegedly responsible for the

events of which it originally complained; i.e., fraudulently contracting for uncompleted repairs

and illegally retaining possession of Plaintiff's vessel. With that in mind, the Court will issue an

amended judgment dismissing Plaintiff's claims against the Shipping Defendants with prejudice

(for the reasons contained in the Order on Motions, Dkt. No. 80), but amending the dismissal

against the Shipyard Defendants to a dismissal without prejudice to permit Plaintiff to preserve

those claims against the day when it can properly serve the original defendants to this action.


        The clerk is ordered to provide copies of this order to all counsel.

        Dated: January 16, 2018.


                                        Marsha J. Pechman
                                        United States District Judge